## IVIS MICKLE v. THE STATE.

### No. 5879.    Decided January 26, 1921.

#### 1.—Murder—Death Penalty—Self-defense—Provoking Difficulty.

If the conduct of the deceased responding to defendant's words and acts amounted to an assault upon the defendant, while he was standing on the car, and he, as described by the State's witness, then struck the conductor, the deceased, with a knife, the charge of self-defense, if given, should have been qualified by a charge on the law of provoking the difficulty.

#### 2.—Same—Manslaughter—Charge of Court—Adequate Cause—Statutes Construed.

Our statute on the law of manslaughter categorically names certain things which in law constitute adequate cause, to reduce a homicide to the grade of manslaughter; and the first of these is an assault and battery by the deceased causing pain or bloodshed, and the jury must therefore be charged in such case that such assault and battery would constitute adequate cause, and to leave this question to the jury is reversible error. Following Hill v. State, 8 Texas Crim. App., 143, and other cases.

#### 3.—Same—Charge of Court—Adequate Cause—Words and Phrases.

Where, upon trial of murder, the evidence raised the issue of manslaughter from an assault and battery by the deceased causing pain or bloodshed, and the court qualified this statutory adequate cause by the words

"such as was reasonably calculated to produce passion," was reversible error, and the absence of specific testimony that the defendant was caused pain by the assault, did not absolve the court from the duty of giving a charge on adequate cause as defined in the statutes. Following Danforth v. State, 44 Texas Crim. Rep., 114, and other cases.

### 4.—Same—Case Stated—Excessive Force—Assault and Battery.

Where, upon trial of murder, the evidence showed that appellant was thrown off the street car by deceased while it was moving in a manner that caused the defendant to fall on the street on his back, this, if believed by the jury, constituted an assault and battery, and even if the deceased was not acting from personal resentment, but was moved by a desire to protect the property of his employer, etc., the force he used, was excessive and constituted an assault and battery, and a charge on statutory adequate cause was demanded. Following Skidmore v. State, 2 Texas Crim. App., 2, and other cases.

### 5.—Same—Provoking Difficulty—Charge of Court—Manslaughter.

Where the instant case is pervaded by the question whether the defendant's conduct was reasonably calculated to provoke the contest and was done for that purpose, with the intention of killing or seriously injurying the deceased, the assault by the deceased producing pain or bloodshed would not suffice to reduce the offense to the degree of manslaughter, and the jury should be so instructed.

Appeal from the District Court of Brazoria. Tried below before the Honorable M. S. Monson.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*Marsene Johnson, Elmo Johnson, Roy Johnson,* and *Marsene Johnson, Jr.,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—Cited Vaughn v. State, 208 S. W. Rep., 527; Mickle v. State, 213 S. W. Rep., 665.

MORROW, Judge.—The conviction is for murder, with death penalty assessed. The facts are in substance stated in the opinion on former appeal, 85 Texas Crim. Rep., 560, 213 S. W. Rep., 665.

From the State's evidence there arise the defensive theories of self-defense and manslaughter. The deceased was a conductor on a street car in the city of Galveston. The appellant was a passenger thereon. A wordy altercation was engaged in by the deceased and the appellant, following which the appellant was ejected from the car by the deceased. After his ejection, he ran and caught up with the car. According to one theory presented by the State's witness, Easton, the appellant, while on the car and in a scuffle with the conductor, was thrown back against the car and struck the deceased one blow with a knife. Upon this phase of the case, the court instructed the jury, without

qualification, upon the law of self-defense. From the testimony of Easton, it appears that the appellant refused to move from the position on the car which the conductor claimed interfered with its operation; that he prepared himself for an encounter with the conductor by placing an open knife in his sleeve, and after so doing, used insulting language to the deceased. If the conduct of the deceased, responding to appellant's words and acts, amounted to an assault upon the appellant, while he was standing on the car, and he, as described by Easton, then struck the conductor with the knife, the charge on self-defense, if given, should have been qualified by a charge on the law of provoking the difficulty.

The issue of manslaughter arose from the testimony of several other State witnesses, who present a theory as to the main facts directly opposed to that presented by the witness Easton. There were, however, two wounds on deceased. One may have resulted from the blow described by Easton, and one from that referred to by the other witness. From the testimony of these witnesses it appeared, as indicated in detail in the former opinion, that when the appellant first boarded the car he did not pay his fare, but that another paid it for him; that he and a number of others were standing upon the platform of the car; that the conductor instructed the appellant to change his position, which he declined to do, stating that he would not move for any "damn white man," whereupon the conductor went inside of the car, and to the place where the motorman was stationed, and returned and told the appellant to get out of the way, that he was tired of his foolishness, and caught hold of him and moved him by force. They clinched, and while the conductor was endeavoring to put the appellant off the car, a passenger came to his assistance, and together they pushed him off the moving car. He fell upon his back. The car continued its course for about one hundred fifty feet, and while it was slowing up for a stop at a crossing, the appellant ran and overtook it, and struck the deceased one blow with a knife, causing his death. These several eyewitnesses, introduced by the State, are specific and definite in their statement that they had seen the difficulty throughout; that only one blow was struck, and that was after the appellant's ejection from the car. It appears that appellant was thrown from the platform, about thirty inches above the street, and that the street had a hard surface; and that the blow was struck but a few seconds after he arose from the street where he was thrown by the fall.

Upon these facts, the court submitted to the jury the law of manslaughter, and in his application of the law to the facts embodied in his charge this paragraph:

"And if you should believe from the evidence that either by using unnecessary violence in such ejection or by ejecting him when the car was moving at such speed as to expose the defendant to injury, causing him bodily pain, such as was reasonably calculated to cause and did cause in the mind of the defendant sudden passion of fear, rage, or

resentment, and the defendant under the influence of such passion killed the deceased, then you are instructed that he could not be convicted of a higher degree of homicide than manslaughter."

Against this charge various criticisms were directed in the trial court, and exceptions duly presented and preserved are presented here, calling for a review of the court's action in refusing to amend the charge, and eliminate from the paragraph objectionable features. Our statute on the law of manslaughter categorically names certain things which in law constitute adequate cause to reduce a homicide to the grade of manslaughter. The first of these is: "an assault and battery by the deceased, causing pain or bloodshed." It has been uniformly held that where the evidence disclosed that the deceased had committed an assault and battery, causing the accused pain or bloodshed, that the jury should be told that such assault and battery would constitute adequate cause to reduce the homicide to manslaughter; and it has been likewise held without departure that in such a case a charge, so framed as to permit the jury to decide whether such assault and battery was adequate cause, was erroneous. In Hill v. State, 8 Texas Crim. App., 143, Hill was convicted of the murder of Carlow. The court stated the facts thus:

"As they were going along, appellant and Robin Carlow, the deceased, commenced, as the witness says, "frolicking" and "throwing dirt on each other." Finally Willis Hill got mad, pulled out a barlow knife, and told Robin Carlow that if he did not mind he would "cut his guts out." About this time one Joe Walker joined the party, and he give his account of what subsequently occurred, as follows: "As we passed down the road, Willis Hill and Robin Carlow got to quarreling and abusing each other. After they had gone some little distance, quarreling, Willis Hill pulled out a barlow knife, and told Robin Carlow if he fooled with him he would cut his guts out. Robin Carlow replied, 'Cut,—I am not afraid of you.' This brought the parties facing each other, each standing as if to strike each other,—Willis Hill with his knife open in his hand. Robin Carlow struck Willis Hill with his fist; Willis fell to his knees. Robin Carlow held his position, with his fists doubled up and drawn back, standing on the defensive. Willis sprang up at Robin Carlow, struck at and cut him in the left side of the neck, making an ugly wound about two inches long, from which the blood flowed like water. Robin Carlow never spoke,—staggered backwards, fell, and died almost immediately."

The trial court submitted the law of manslaughter, but failed to tell the jury that an assault and battery causing pain would be adequate cause as a matter of law, in consequence of which failure a reversal resulted. This rule has been re-affirmed in Bonnard v. State, 25 Texas Crim. Rep., 198; Lee v. State, 54 Texas Crim. Rep., 385; Huddleston v. State, 54 Texas Crim. Rep., 96, and other cases cited in Branch's Ann. Texas Penal Code, secs. 218 and 219. In Con-

nell's case, 45 Texas Crim. Rep., 162, the charge criticised was the following:

"You are further instructed that, if you find from the evidence that at the time of the alleged difficulty the deceased, John Connell, had made an assault upon defendant producing pain, and that such assault either alone or considered in connection with all the other facts and circumstances in evidence, was capable of creating in the mind of a person of ordinary temper such a degree of anger, rage, sudden resentment or terror as would render the mind incapable of cool reflection, and if you find the same created in the mind of defendant such condition at the time of the killing, the same might constitute adequate cause in the opinion of the jury."

The court said: "The contention of the appellant is that the law makes an assault and battery causing pain adequate cause, and that said charge failed to tell the jury as a matter of law that same was adequate cause, but informed them that such *might* be adequate cause at *their option*. . . . Where the adequate cause proven is one of the statutory causes, as assault and battery by deceased causing pain or bloodshed, it is incumbent upon the court to present this issue directly to the jury, and to inform them that it is adequate cause, because the statute makes it so."

In the instant case, the charge cannot, in our judgment, be interpreted as complying with the statute. The words "such as was reasonably calculated to cause and did cause sudden passion," referring to the assault causing pain, necessarily qualified the effect of the assault which the statute declares it must be given. These words, making an assault causing, pain or bloodshed adequate cause, provided the jury believed it to be "such as was reasonably calculated to produce passion," constitute a qualification which, assuming that the evidence showed an assault, the court was not warranted in making. The absence of testimony, in specific terms stating that the appellant was caused pain by the assault, did not absolve the court from the duty of giving a charge on adequate cause as defined in the statute. Danforth v. State, 44 Texas Crim. Rep., 114; Gardner v. State, 44 Texas Crim. Rep., 572; Hayman v. State, 47 Texas Crim. Rep., 263; Arnwine v. State, 49 Texas Crim. Rep., 5. In the case from which we have already quoted, Hill v. State, *supra,* the court said:

"This issue of 'pain' was directly raised by that portion of the evidence which showed that defendant was stricken by a larger and stronger man, and knocked down upon his knees, before he used his weapon and inflicted upon the deceased the wound which caused his death.

"We cannot tell how far the jury would have been influenced in their verdict in finding manslaughter instead of murder in the second degree, and consequently how far it would have lessened the punishment imposed, if this issue had been properly submitted."

In our judgment, the evidence of the State's witnesses, to the effect that appellant was thrown off the car while it was moving, in a manner that caused him to fall on the street on his back, if believed by the jury, constituted an assault and battery. Under our statute the use of any unlawful violence upon the person of another with intent to injure him, whatever be the means or the degree of violence used, is an assault and battery. Penal Code, sec. 1008. Where the assault is committed and pain produced, the intent is presumed. Art. 1009. Any means capable of inflicting injury is within the definition. Art. 1012. The statute, Article 1014, enumerates certain acts of violence which do not amount to an assault and battery. Among these is "in preventing or interrupting an intrusion upon the lawful possession of property;" and in the same connection it is stated that only that degree of force must be used which is necessary to effect the purpose, and that no verbal provocation justifies an assault and battery. Arts. 1015 and 1016. In construing the law of assault and battery, it has often been declared that in instances where force may be lawfully exercised, it amounts to an assault and battery when the force used becomes excessive. Skidmore v. State, 43 Texas, 93; Skidmore v. State, 2 Texas Crim. App., 2; Pilcher v. State, 32 Texas Crim. Rep., 557. In the instant case, the jury might have inferred that the appellant was ejected from the car because of his use of insulting language to the conductor, a provocation which, under the statute, would not justify an assault. But, assuming that the deceased was not acting from personal resentment, but was moved by a desire to protect the property of his employer, and prevent interruption of its lawful use and possession, if he threw appellant off of a moving car in the manner described by the State's witnesses, the force used was excessive, and constituted an assault and battery. Wharton's Crim. Law, vol. 2, secs. 817-818; State v. Murphy, 61 Maine, 56; State v. Noeninger, 18 S. W. Rep., 990. As we understand the record, from the testimony of the State's witness Easton, the appellant was not ejected from the car at all, but jumped off the car himself. From the testimony of all the other State eye-witnesses, he was thrown off the car while it was moving. We fail to find any testimony suggesting that the car was not moving when the appellant got off, or was thrown off. If he was thrown off in the manner described, the force used was excessive, and left no basis for the jury to determine that unnecessary violence was used. That issue should not have been submitted to them. Whether he was thrown off at all was a question of fact. If he was thrown off, an assault and battery was committed. The evidence does not leave this question open. The jury should have been told distinctly that if he was thrown off the car while it was moving, an assault was committed; that if pain was produced thereby there was, as a matter of law, adequate cause to reduce the offense to manslaughter.

It does not follow, as a matter of law, that the assault committed by the deceased did cause the appellant to suffer pain. This was a question for the jury's solution. Whether from this cause a sudden passion of fear, rage, or resentment was produced, and appellant's mind rendered incapable of cool reflection thereby, and whether under the influence of such sudden passion the homicide took place, were questions of fact to be determined by the jury under appropriate instructions. The case throughout, however, is pervaded by the question whether the appellant's conduct was reasonably calculated to provoke the contest and was done for that purpose with the intention of killing or seriously injuring the deceased, and the jury should, upon another trial, be made to know that if such was the conduct and intent of the appellant, the assault made by the deceased, though it produced pain or blood-shed, would not suffice to reduce the offense to the degree of manslaughter. Vernon's Criminal Statutes, Volume I, Article 1138 and cases cited in note thereunder.

What effect was produced upon the minds of the jury by the failure to give an accurate charge upon the law of manslaughter, is a matter of conjecture. We do know that thereby the appellant was deprived of the right given him by statute to have the jury told that an assault producing pain was adequate cause to reduce the offense. Because he was not accorded this statutory right, he appeals to this court from a judgment condemning him to suffer death. He was entitled to a new trial. Code of Criminal Procedure, Art. 835, Sec. 2. Our reluctance to reverse the case upon this the second appeal cannot justify us in sanctioning the verdict assessing against him the extreme penalty, when that verdict was rendered by a jury improperly directed as to one of the substantial rights accorded to the appellant by the statute of the State.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*