Y. C. TURNER *v.* THE STATE.

No. 6784.   Decided December 13, 1922.

**1.—Murder—Manslaughter—Bills of Exception—Rule Stated.**

Unless there be some showing of facts in the bill of exceptions itself, independent of the statement of fact, from which it reasonably appears to the higher court that error was committed in the matter complained of, such bill of exception will present no error which can be upheld.

**2.—Same—Charge of Court—Provoking the Difficulty.**

Where, upon trial of murder and a conviction of manslaughter, the trial court gave to the jury an abstract statement on the law of provoking the difficulty as well as applying the same to the facts to murder and manslaughter, there was no reversible error, as the facts in the case raised this issue.

### 3.—Same—Charge of Court—Intent to Whip Deceased—Provoking Difficulty.

Where the trial court charged the jury that if defendant sought the meeting with deceased for the purpose of giving him a whipping, and in order to produce the occasion or bring on the difficulty and for that purpose he did some act or used some language or did both, and that such acts or language, if any or both, were reasonably calculated to provoke the difficulty, and on such account the deceased attacked him and defendant then cut and thereby killed deceased he would be guilty of manslaughter, there was no error under the facts of the instant case.

### 4.—Same—Charge of Court—Provoking Difficulty—Rule Stated.

Under the evidence of the instant case the trial court committed no error in charging on provoking the difficulty, the evidence showing that the deceased struck defendant with a stick at or about the same time that the cutting was done, the stick breaking and deceased throwing the remainder away and ran, and the exception to the charge upon the ground that the same did not submit the converse of the proposition is not well taken, as this was submitted and no exception was taken to the form thereof.

### 5.—Same—Charge of Court—Threats—Assault to Whip.

Where the court charged the jury, if the threats, if any, were not to take life or do serious bodily injury but merely to assault or whip the defendant then in such case the defendant would not be justifiable in using more force than reasonably appeared to him, viewed from his standpoint, necessary to repel the assault, there was no reversible error under the facts of the instant case.

### 6.—Same—Charge of Court—Force Reasonably Necessary.

There was not sufficient testimony as viewed from the record on appeal to justify an instruction to the jury that the appellant could be convicted of manslaughter unless he used only such force as was reasonably necessary to repel the attack made upon him by the deceased, as defendant's right of self-defense was sufficiently restricted by the charge on provoking the difficulty, and the same was reversible error.

### 7.—Same—Continuance—Motion for a New Trial.

The testimony of the absent witness being material, and in view of the affidavit attached to the motion for a new trial, the same should have been granted.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*R. E. Bozeman* and *Jones & Jones,* for appellant. On question of continuance, Burton v. State, 232 S. W. Rep., 506.

On question of charge of court in provoking the difficulty, Castle v. State, 209 S. W. Rep., 416; Hays v. State, 199 id., 621; Hightower v. State, 119 S. W. Rep., 691.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Wood County of the offense of manslaughter, and his punishment fixed at two years in the penitentiary.

The transcript and statement of facts in this case are quite voluminous and the testimony adduced at the trial is conflicting in many ways. It appears from the record that deceased was a young man and that appellant was some where near the same age, and that the two boys had been friends until a few weeks before the homicide, a difficulty having then arisen between them which was aggravated by stories carried apparently from one to the other by outside parties. A meeting was had between appellant and deceased at a store at Coke, a postoffice or little town not very far from the scene of the killing, on Saturday afternoon before the killing which took place on Sunday. What occurred between the two at Coke was the subject of some dispute and appellant sought a continuance in order to obtain the presence of a witness by the name of Faulk. In support of his motion for a new trial after conviction, appellant presented the affidavit of Faulk in which he stated the facts substantially as same were set out in the application for continuance.

A great many bills of exception were taken by appellant during the trial, many of which are subject to the criticism that they do not set out sufficient facts antecedent to nor surrounding the matter presented as objectionable, to enable this court to appraise the weight or seriousness of the objection urged. We have often called attention to the plain statement of the statutes in regard to what must appear in a bill of exceptions, and in many instances have ourselves attempted to set forth rules governing the preparation of such bills. Unless there be some showing of facts in the bill itself, independent of the statement of facts, from which it reasonably appears to this court that error was committed in the matter complained of, such bill of exceptions will present no error which can be upheld.

The trial court gave to the jury an abstract statement of the law applicable to the theory of the provoking of the difficulty on the part of appellant, both as applied to murder and manslaughter; and further in the charge in applying the law to the facts again presented the law of provoking the difficulty as applicable both to murder and manslaughter. The conviction was for manslaughter. As applicable to this degree of homicide the court charged as follows:

"If, however, he sought the meeting with the deceased for the purpose of giving him a whipping and in order to produce the occasion or bring on the difficulty for that purpose he did some act or used some language, or did both, and that such acts or language, if any, or both, were reasonably calculated to provoke a difficulty, and on such account the deceased attacked him, and he then cut and thereby killed deceased, in such event he would be guilty of manslaughter, and this would be true even though the attack by deceased so brought on produced in defendant's mind a reasonable apprehension of death or

serious bodily injury; but if he did not seek deceased for the purpose of giving him a whipping or if he did seek him for that purpose, but did not act or used no language reasonably calculated to provoke a difficulty then his right of self defense would be complete."

Appellant urges there are no facts calling for the submission of such charge. We regret we can not agree to this contention. It is without dispute in the record that appellant and deceased had previous misunderstandings and that just before the killing they, with two other boys, were engaged in conversation, apparently on friendly terms, though the State contends that said meeting was brought about by appellant or by appellant and one Verdie Powell, in order to make said meeting furnish an opportunity for the settlement of the differences between appellant and deceased. Appellant, deceased, Verdie Powell and Jack Kennemer were present. We state what took place when deceased started to leave this meeting, as same is presented in the dying declaration of deceased given in testimony by Claude Kennemer: He stated that he got up and started away and Powell called to him and said that he wanted to see the deceased and appellant settle their difference; deceased replied all right if there was any difference he wanted to settle it, but thought it was settled the evening before. Appellant then said, "You G—d d—n liar, you don't think no such." Deceased replied that he did,—and appellant said, "You don't," and called deceased a damn liar two or three more times and threatened to cut his throat. Deceased had a stick and at this juncture both boys struck,—deceased with a stick and appellant with his knife. From the effects of this blow deceased later died. From the testimony of Jack Kennemer, an eyewitness, it appears that after the Powell boy called deceased back and appellant had called him a damn liar, and deceased had replied that he was no liar, and appellant had said he would cut the throat of deceased, that appellant then kind of leaned forward and said, "You know you are a damn liar" and deceased raised up to strike him and appellant threw up his left arm and cut deceased with his right. Deceased struck appellant with the stick at or about the same time that the cutting was done, and the stick broke and deceased threw the remainder of the stick at him and ran. With this evidence before him the trial court did not err in charging on the provoking of the difficulty. Many cases might be cited holding substantially that where the accused cursed deceased, or called him vile names, or abused him and the latter made an attack and was killed as a result, a charge on provoking the difficulty was held proper. Bateson v. State, 46 Texas Crim. Rep., 46; Coleman v. State, 49 Texas Crim. Rep., 357; Tardy v. State, 47 Texas Crim. Rep., 444; Best v. State, 61 Texas Crim. Rep., 554; Sanders v. State, 85 S. W. Rep., 712; Brown v. State, 85 Texas Crim. Rep., 493; Dugan v. State, 86 Texas Crim. Rep., 130; Mickle v. State, 88 Texas Crim. Rep., 405, 227 S. W. Rep., 491. The exception to the charge upon the ground that same did not submit the converse of the matters stated as raising the issue of provoking the difficulty is without merit.

An examination of that part of the charge above quoted shows such converse to have been submitted, and if not in the form desired, an exception should have been directed at the matter of form.

In charging the law of threats the trial court also told the jury that:

"If the threats, if any, were not to take life or do serious bodily injury, but merely threats to assault or whip the defendant, then in such case the defendant would not be justifiable in using more force than reasonably appeared to him, viewed from his standpoint necessary to repel the assault."

This was excepted to as not finding support in the testimony, but as we read the record there no where appears any language of a threat by deceased of anything more serious than an intention to whip appellant if he repeated certain conduct. The objection to the charge that it omitted to tell the jury that the matter must be viewed from the standpoint of appellant, was met by the interlineation in the charge of the court of the omitted statement.

There appears another exception to the charge of the court which presents a more serious proposition. Appellant objected to that portion of paragraph 11 of the charge which reads as follows:

"If, however, the attack or threatened attack, if any, was such under the circumstances as to create in the mind of the defendant a reasonable apprehension and belief that the deceased was only intending to give defendant a whipping, then if you further find that the defendant used more force than was necessary in repelling the attack, if any, and thereby cut and killed the deceased, he would be guilty of manslaughter."

The exception to this charge was that it was not warranted by the testimony, it being stated that the proof showed that the attack made or about to be made by deceased upon appellant was with a stick, which was a weapon reasonably calculated to produce death or serious bodily injury. We would not be inclined to think the charge last above set out improper if called for by the facts. What were the facts in the instant case upon which such charge might be based? It is undisputed in the record that deceased carried with him to the place of the fatal encounter, and used in the difficulty, a stick called by some witnesses a broom stick, and which was admitted by both the State and appellant to be a stick 36 inches in length, 3½ inches in circumference at one end and 3 at the other and 2½ inches in circumference in the middle, the weight of the stick being eleven ounces. It was in testimony that there was a knot or bruise on the wrist and also on the head of appellant after the encounter. He and Powell claimed this to have been made by a blow struck by deceased with said stick immediately preceding the cutting. Deceased in his dying declaration admitted striking appellant with said stick. A. T. Cook and B. F. Powell testified that after the cutting, and referring thereto, deceased said he intended to kill the s—n-of-a-b—h but the stick broke and that if he got well he intended to kill him. We have carefully examined the dying declaration of deceased and also the testimony of the eyewitnesses in an effort

to ascertain if there be found acts and conduct of deceased at the time of the fatal difficulty which could be made the basis of an inference that it reasonably appeared to appellant that the purpose of deceased in what he did was merely to assault or whip appellant, but confess we have been unable to find same. As we view the record and understand the facts there is not sufficient testimony to justify an instruction to the jury that the appellant should be convicted of manslaughter unless he used only such force as was reasonably necessary to repel the attack made upon him by the deceased. The submission of such issue could hardly fail to be injurious to appellant. His right of self-defense was sufficiently restricted by the charge on provoking the difficulty without further telling the jury that if it appeared to appellant that deceased intended to whip him he could use only such force as was reasonably necessary to repel such attack. It would apparently be difficult, under the facts, to conclude just what force would be necessary to repel such attack. If the State's theory was true, and appellant provoked the difficulty, his right of self-defense was abridged and he could not claim justification for his act. If the defensive theory was true and deceased brought on the difficulty and cursed appellant and struck him with a stick apparently capable of inflicting serious bodily injury, he was entitled to have an affirmative presentation of the law applicable to such state of facts.

We think the testimony of the absent witness Faulk was material and that in view of the affidavit attached to appellant's motion for a new trial said motion should have been granted, but as a discussion of the proposition would elucidate no legal point we refrain therefrom.

We do not think any of the other bills of exception contained in the record present reversible error, but for the giving of the charge above mentioned and the refusal of the motion for new trial, the judgment must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*