Ed Stalzer, alias E. A. Stanley v. The State.

No. 12895.   Delivered January 15, 1930.
Rehearing denied February 19, 1930.
Second motion for rehearing denied March 5, 1930.
Reported in 24 S. W. (2d) 828.

The opinion states the case.

*Ellis, Mays & Rose* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for two years.

Glenn Johnson, Emil Klass and Rubin Stenson testified that they aided appellant in transporting twenty gallons of alcohol from the state of Illinois to Amarillo, Texas. Johnson testified that appellant furnished him and Rubin Stenson four pints of alcohol to be used as samples in an endeavor to secure purchasers. He said that they gave some parties a drink of the alcohol, but did not sell any of it. There is nothing in the record showing that any of the alcohol was sold. Appellant offered no testimony.

The court submitted to the jury the question as to whether the witness Johnson was an accomplice, but refused to submit such matter relative to the witnesses Klass and Stenson. It was appellant's contention that the witnesses were accomplices. We are unable to agree with this contention. If we comprehend the evidence, it goes no further than to show that the alcohol which appellant and the witnesses had transported to Amarillo was merely possessed for the purpose of sale. If the sale had been effected, the matter would be presented in a different light. Under the evidence, appellant and the witnesses were principals in transporting the intoxicating liquor and at least two of the witnesses were probably principals with appellant in possessing said liquor for the purpose of sale. Under the provisions of Art. 670, P. C., the purchaser, transporter, or possessor of intoxicating liquors is not an accomplice witness. In the case of Bailey v. State, 284 S. W. 574, Davis and Darnell agreed to buy a quantity of whiskey from a bootlegger, and that such whiskey should be left at the appellant's home. The bootlegger having left the whiskey at appellant's home, Davis and Darnell got it and, pursuant to an agreement with the appellant, took it to a place for the purpose of selling it. Appellant was to receive all or part of the money from the sale. The parties were arrested before any sale was effected. Upon the trial, the contention was made that Davis and Darnell were accomplice witnesses. We held in that case that the witnesses being mere transporters and possessors for the purpose of sale, were not accomplice witnesses, and referred to Art. 670, supra, and to the decisions to the effect that the purchaser, transporter or possessor of intoxicating liquors is not an accomplice witness. See also Durham v. State, 16 S. W. (2d) 1092.

Failing to find reversible error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing the appellant stresses the circumstances portrayed by Bill of Exceptions No. 2, which were in substance that while the witness Bebout, a deputy sheriff, was testifying upon behalf of the State touching the arrest of the appellant, and after he had testified to finding the buried alcohol, he was asked the condition of the car that was nearby, to which question objection was addressed to the effect that the condition of the car was not material and that the inquiry sought to adduce prejudicial evidence. The court permitted the answer to the question, which was that the car showed to be pretty roughly used and had a bullet hole in the right-hand corner. Appellant requested that the answer be excluded, the objection, upon various grounds, being in substance that the testimony was not relevant upon any issue in the case, a matter, however, which is not verified by any certificate of the trial judge. See Vernon's Ann. Tex. C. C. P., 1925, Vol. 2, p. 364; Turner v. State, 93 Tex. Cr. R. 104; Newton v. State, 94 Tex. Cr. R. 288; Hays v. State, 94 Tex. Cr. R. 498. The attack upon the ruling is by objections made, but to ascertain whether the inquiry was relevant or not would require an examination of the statement of facts, and for that reason was not discussed in the original opinion. The court is not called upon to search the statement of facts to ascertain the relevancy of the testimony in question. Viley v. State, 92 Tex. Cr. R. 395; Harvey v. State, 92 Tex. Cr. R. 645. It has often been held that the recitals of the objections alone is not adequate to present for review a ruling of the court upon the reception of evidence unless the evidence in question was such that it could under no circumstances become relevant, a condition that does not obtain in the present instance. The State relied upon circumstantial evidence to identify the accused as one of the participants in the offense. Upon examination of the statement of facts we are not impressed with the view that in receiving the testimony mentioned error was committed. In other words, the alleged error is neither made apparent by the bill nor by the statement of facts so far as we have been able to perceive.

The motion is overruled.

*Overruled.*

## ON SECOND MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant requests leave to file second motion for rehearing claiming that one bill of exception not considered either originally or on rehearing manifests error. We have examined the bill. In view of the court's qualification it is not thought to present error. Even if the particle of evidence complained of was erroneously admitted it would not in our opinion justify a reversal in view of other evidence in the record.

The request to file second motion for rehearing is denied.

*Denied.*