### BOB COLEMAN V. THE STATE.

No. 3329.   Decided February 14, 1906.

**1.—Simple Assault—Opinion of Witness—Withdrawing Testimony.**

Upon a trial for assault where a witness was permitted to testify that he had stated to others that a difficulty would have ensued between defendant and prosecutor if it had not been for him, which testimony was subsequently excluded by an instruction of the court, there was no error.

**2.—Same—Charge of Court—Provoking Difficulty.**

Where upon trial for assault, the evidence showed that defendant took prosecutor aside and upon refusal of the latter to recant what he had testified to in regard to the transaction about which defendant asked him, and that then defendant called him a damned liar and stepped backwards as if preparing to strike prosecutor, when prosecutor struck him with his fist, and thereupon defendant struck prosecutor on the head inflicting a wound or cut, with something apparently besides his fist, there was no error in the court's charge submitting the question of provoking the difficulty, dissevered from a charge which authorized the jury to acquit.

**3.—Same—Charge Refused—Statement of Prosecutor.**

On a trial for assault, where the evidence showed that prosecutor had made some statement about the defendant about which the difficulty originated, defendant calling prosecutor a damned liar for making the statement, whereupon prosecutor struck him with his fist and the defendant then struck him upon the head inflicting a wound upon his skull apparently with some instrument, etc., there was no error to refuse a requested charge which involved the truth or falsity of prosecutor's statement.

Appeal from the County Court of Erath. Tried below before Hon. M. J. Thompson.

Appeal from a conviction of simple assault; penalty, a fine of $15.

The opinion states the case.

*Riddle & Keith,* for appellant.—On question of provoking a difficulty: Price v. State, 79 S. W. Rep., 541; Vann v. State, 45 Texas Crim. Rep., 434.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of simple assault, and his punishment fixed at a fine of $15; hence this appeal. The testimony shows substantially that appellant and prosecuting witness, J. R. Weir, were neighbors, and on the night of the 16th of March, 1905, they attended a meeting of the Farmer's Union, at Smith Springs' schoolhouse. Prior to that it appears that some books in the school-building were torn up by some one, and there was a legal investigation in regard to said matter, and that the prosecutor Weir was a witness. He testified that on a certain occasion at said school-house, Fib Mefford sat by appellant. This seemed to have gotten to the ears of appellant and affronted him. On the occasion of the meeting of the Farmer's Union at said school-house, appellant called Weir and told him he would like to see him a minute. They stepped out a few steps towards the southwest corner of the school-building. Appellant said to Weir, "I understand you swore that I sat by Fib Mefford in the school-building at the time the books were torn up." Prosecutor replied, "Who told you that?" Then appellant told him, who told him, and asked prosecutor whether or not he said it. To which prosecutor replied, "Bob, you know you did sit with him, and that you pushed." Appellant says, "It is a damn lie." Prosecutor says, "Bob, you ought not to talk to me that way. You know you did sit with him." Appellant said, "It is a God

damn lie," and according to prosecutor at the same time seemed to take a step backward, as if preparing to strike prosecutor, when prosecutor struck him. And then appellant struck prosecutor on the head inflicting a wound or cut to the skull in the top of the head; and another just at the edge of the forehead. There is some testimony on the part of the State tending to show that some hard substance, other than the fist was used in inflicting these wounds. The testimony on the part of the defendant to show that it was with the fist. As will appear from this, the State relied on appellant provoking the difficulty and bringing it about. Defendant relied on self-defense, and that he did not provoke the difficulty, and that the assault was first committed on him by prosecutor. The court defined an assault according to the statute, and then charged on aggravated and simple assault. The jury acquitted appellant of aggravated assault. So the only question with which we deal is whether or not appellant was legally convicted of a simple assault.

As the matter was treated by the court, we do not believe there was any error as to the testimony of the witness Pat Coleman, to the effect that he stated to some parties that a difficulty between appellant and prosecutor would have come off that morning, if it had not been for him (witness). Said testimony was merely the opinion of the witness, and should not have been admitted, but was subsequently excluded, and the jury distinctly instructed not to consider the same for any purpose.

The court's charge on provoking the difficulty was expected to on the ground that there was nothing in the case authorizing the court to give a charge on provoking the difficulty. We do not agree with this contention. We believe that appellant taking prosecutor aside, and on his refusal to recant what he had testified in regard to the transaction about which appellant asked him, he called him a damn liar, or a God damn liar. Under the circumstances this language was calculated to provoke a difficulty, and was evidently so intended. As soon as prosecutor struck appellant with his fist, he was assaulted by appellant, and struck with something besides his fist, with which appellant must have been prepared at the time. The jury did not find that this was a deadly weapon, or that a serious injury was inflicted; hence they did not find him guilty of an aggravated assault. But it by no means follows that they did not believe he used something other than his fist with which he must have been prepared at the time. We think the court's charge on provoking the difficulty was correct in terms, and dissevered from the charge which authorized the jury to acquit appellant. The jury were correctly instructed by the court, if they believed, in the absence of any provocation on the part of appellant, a casual difficulty occurred between appellant and prosecutor, and the prosecutor himself made the first assault, and that appellant in turn assaulted him, and he used no more force than was necessary to repel such assault, that they would acquit appellant.

We do not believe it was necessary for the court to give the requested special instruction, asked by appellant, which involved the truth of whether Fib Mefford, and appellant sat together on the same bench at

the school-house, the night the books were mutilated. Whether said charge was true, or false, if prosecutor was being tried simply because appellant called him a damn liar, in regard to said matter, he would not have been justified in making an assault on appellant. He was not being tried here. Appellant was being tried for an assault on him. We think, regardless of the truth or falsity of prosecutor's statement in regard to said matter, appellant had no right to call him a damn liar, and if he did so, in order to provoke a difficulty with prosecutor, he might be guilty of an assault. We believe all the matters in issue as made by the testimony were properly presented by the court, and none of the requested instructions were required to be given.

There being no error in the record, the judgment is affirmed.

*Affirmed.*