## John Kinslow v. The State.

### No. 1746.    Decided May 8, 1912.

**1.—Aggravated Assault—Charge of Court.**

Where defendant was convicted of aggravated assault under a charge of murder, the objections to the charge of the court presenting an intentional homicide need not be considered.

**2.—Same—Charge of Court—Simple Assault—Statutes Construed.**

Where, upon trial of murder resulting in a conviction of aggravated assault, the evidence showed that serious bodily injury was inflicted, it was not necessary to submit a charge on simple assault under Article 1149, Revised Penal Code, the offense being aggravated assault under Article 1022, Revised Penal Code.

**3.—Same—Charge of Court—Self-Defense—Apprehension of Death—Serious Bodily Injury.**

Where defendant was convicted of aggravated assault under an indictment charging him with murder, and the court instructed the jury limiting the defendant's right of self-defense to an unlawful attack producing in his mind a reasonable apprehension of death or serious bodily injury, the same was reversible error, as defendant had the right to defend himself against any character of unlawful assault not using greater force than was necessary.

Appeal from the District Court of Fannin.    Tried below before the Hon. Ben H. Denton.

Appeal from a conviction of aggravated assault; penalty, six months confinement in the county jail.

The opinion states the case.

*C. A. Wheeler* and *J. G. McGrady* and *Cunningham & McMahon,* for appellant.—On the question that the court should have charged on simple assault: Hill v. State, 11 Texas Crim. App., 456; Thompson v. State, 24 id., 383; Boyd v. State, 28 id., 137; Wilson v. State, 49 Texas Crim. Rep., 50; Collins v. State, 47 id., 303; Terrell v. State, 53 id., 604; Danforth v. State, 44 id., 105; Criger v. State, 48 id., 500.

On question of court's charge limiting defendant's right of self-defense to fear of death or serious bodily injury: Collins v. State, 47 Texas Crim. Rep., 115; Rea v. State, 46 id., 453; Sprinkle v. State, 49 id., 224; Hix v. State, 51 id., 431; Price v. State, 46 id., 80; Hardin v. State, 57 id., 401.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was charged with murder. When tried, he was convicted of aggravated assault, and his punishment assessed at six months imprisonment in the county jail.

1. The court submitted murder in the first and second degree, manslaughter and aggravated assault. A number of the grounds in the motion relate to those portions of the charge presenting an in-

tentional and unlawful homicide, but as the jury acquitted appellant of intentional homicide, and adjudged him only guilty of aggravated assault, we do not deem it necessary to discuss them.

2. However, there are two questions presented that will arise on another trial of the case, and these we will dispose of. The evidence would show that appellant and deceased some time prior to the homicide had a difficulty, in which appellant drew a singletree on deceased, but subsequently they had become friendly. On the day of the homicide deceased had a bottle of alcohol, and gave it to appellant to weaken and sweeten, when they took a drink together. Later some words arose between them, when deceased used harsh epithets towards appellant's father. From this the difficulty arose, and deceased struck appellant in the breast, when appellant drew a knife and cut deceased as he advanced on him the second time. The knife was an ordinary pocketknife, but in striking at deceased with it, he cut his windpipe and jugular vein, death ensuing. The jury in finding appellant guilty only of aggravated assault, under the charge of the court, found appellant had no intent to kill. The court did not submit the issue of simple assault. There being no proof in the record that the knife was a deadly weapon, appellant earnestly insists that under article 1149 of the Penal Code it was the duty of the court to submit every grade of assault. That article reads: "Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appear there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery." Appellant's contention is that the proper construction of this article of the Code is that in every case where a homicide occurs, that if the instrument used is not calculated to produce death, and the question of intent to kill must be submitted to the jury, the court must submit every grade of assault. This is not the law, but every case must be submitted as applicable to the evidence introduced in that case. Article 1022 of the Code provides that an assault becomes aggravated (7) "when serious bodily injury is inflicted," and in this character of case, where the testimony is uncontroverted that serious bodily injury was inflicted, it is not necessary to submit simple assault. Our Code must be construed so as to give effect to all its provisions. In the case of Wilson v. State, 49 Texas Crim. Rep., 50, this court has held: "Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it should appear that there was an intention to kill, but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery. It follows from these articles, in the light of the evidence here that if the jury should believe from the evidence that appellant while laboring

under the influence of sudden passion, used a weapon not in its nature calculated to produce death, then the law will not deem defendant guilty of homicide unless it appears there was an intention to kill. Then, if appellant did not have the specific intent to kill, he might be guilty of aggravated assault, or assault and battery, as the case may be. If appellant inflicted a serious wound upon deceased, it would be merely the duty of the court to charge on aggravated assault; but if the evidence should show that the wound was not a serious one, then it would be the duty of the court to charge on simple assault and battery."

In this case, the appellant having cut the jugular vein, there can be no question that serious bodily injury was inflicted.

3. The next question presented by appellant is that the court erred in limiting his right of self-defense to an "unlawful attack producing in his mind a reasonable apprehension of death or serious bodily injury." In a case where one is charged with homicide, this is a proper limitation, for one is not authorized to kill another except under such circumstances. However, as the court submitted to the jury the question of whether or not appellant intended to kill, and the jury find that he did not, and one who is charged alone with an aggravated assault or simple assault, has a right to defend himself against any character of unlawful assault, provided he uses no greater force than is necessary to repel the attack, this phase should have been presented. In this case the testimony would show that deceased struck the first blow. It is true he struck with his hands, but appellant had the right to defend against such an assault, even though he did not fear death or serious bodily injury, if he had no intent to kill. Had the jury found that appellant intended to inflict death, the charge of the court would have been correct, but inasmuch as the court submitted the issue of whether or not the appellant intended to kill, he should also have presented the right to defend against an assault under those circumstances, and not limited his right, in the event the jury found he had no intention to kill, to defend against an assault threatening death or serious bodily injury. If appellant had been charged with aggravated assault only (the offense of which he was convicted) the error in the charge would have been apparent to anyone, and when this issue was submitted, his right in connection therewith should have been properly presented in the charge.

We do not deem it necessary to discuss the other issues presented, but for the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*