HARRISON WALLER v. THE STATE.

No. 6354.  Decided November 9, 1921.

**1.—Aggravated Assault—Charge of Court—Self-Defense.**

Where, upon trial of aggravated assault, the court, in his charge to the jury fell into the error of making the defendant's right of self-defense depend upon an assault made upon him by the party injured of a character which led defendant to believe that he was likely to suffer death or serious bodily injury, the same was reversible error. Following Kingslow v. State, 66 Texas Crim. Rep., 430.

**2.—Charge of Court—Provoking Difficulty.**

Where, upon trial of aggravated assault, the defendant excepted to the charge of the court upon the ground that it nowhere gave the jury a proper rule by which they might determine what was meant by the court by the term "wrongful act," etc., and submitted at the same time a proper requested charge, which was refused, the same was reversible error. Following Mason v. State, 88 Texas Crim. Rep., 642.

Appeal from the County Court of Delta. Tried below before the Honorable Joel H. Berry.

Appeal from a conviction of aggravated assault; penalty, a fine of twenty-five dollars.

The opinion states the case.

*Newman Phillips,* for appellant. On question of court's charge: Parish v. State, 153 S. W. Rep., 327; Mason v. State, 228 S. W. Rep., 152.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was assessed a fine of $25 upon conviction for an aggravated assault upon one L. H. Waller. At the time of this alleged assault appellant was seventeen years of age. L. H. Waller, the injured party was 56 years old, an uncle of appellant, and was the constable at Ben Franklin. On the day of the trouble appellant had gone to the latter place after a load of lumber, and accompanying him was one John McCormick, a negro. When they reached the town appellant went into a business house on an errand, leaving the negro in care of the team. L. H. Waller had a warrant for the arrest of McCormick for gaming, and while appellant was gone went to McCormick and gave him a blank bail bond to have filled out. When appellant returned to his team he inquired of the constable what the trouble was, and the constable explained that he had a warrant for McCormick. At this point there is a disagreement between appellant and the injured party as to what language was used between them, leading up to the trouble. It is agreed that the "damned lie" was passed between them. Appellant claims that his uncle first used this expression, and his uncle, that appellant first used it. There is no disagreement, however, but that the constable dealt the first blow, striking, or striking at appellant with his fist or hand, whereupon appellant struck the constable, knocking or tripping him, so that he fell to the ground, and appellant struck him several times after he had fallen. The constable admitted that he was angry, and struck appellant the first blow, before appellant had offered to strike him.

Quite a number of exceptions were filed to the charge of the court, and special charges requested correcting what appellant's counsel deem erroneous in the court's charge, and these matters are properly before this court, for review. We think it unnecessary to set out either the charge given by the court or the special instructions requested, but the record discloses that the court fell into the error of making the appellant's right of self-defense to depend upon an assault made upon him by the constable of a character which led appellant to believe that he was likely to suffer death or serious bodily injury. Indeed, under the court's charge, although the jury may have believed that the constable struck the first blow, and that appellant was defending himself against such attack, they could not acquit appellant unless he believed he was in danger of losing his life or suffering serious bodily injury. This is not the law. Art. 1014, Subdiv.

6, V. P. C., provides that violence used to the person does not amount to an assault or battery when in self-defense against unlawful violence offered to one's person. The exact question has been passed upon by this court in Kinslow v. State, 66 Texas Crim. Rep. 430, 147 S. W. Rep. 249. The defendant in that case was charged with murder, but under the evidence the court found it necessary to submit the issue of aggravated assault, and upon this phase of the case limited the right of self-defense to an "unlawful attack producing in his mind a reasonable apprehension of death or serious bodily injury." After discussing the matter at some length the court concludes the opinion with the following language. "If appellant had been charged with aggravated assault only (the offense of which he was convicted), the error in the charge would have been apparent to anyone, and when this issue was submitted his rights in connection therewith should have been properly presented in the charge."

Complaint is made of the eleventh paragraph of the court's charge, wherein the jury is told: "If you believe from the evidence, beyond a reasonable doubt, that the defendant, Harrison Waller, by his own wrongful act, brought about the necessity of assaulting L. H. Waller, if he did, or provoked the difficulty with the apparent intention of committing such assault, if any, upon the said L. H. Waller, intentionally and with a view thereto, and that under such circumstances the defendant assaulted the said L. H. Waller; then, the defendant's plea of self-defense would not avail him." The exception to this charge was upon the ground that it nowhere gave the jury a proper rule by which they might determine what was meant by the court by the term "wrongful act." We think this criticism of the charge is well taken, and that the special charge requested by appellant to the effect that the jury must believe from the evidence that defendant purposely caused L. H. Waller to strike him in order that he might in turn assault L. H. Waller before he would be deprived of his right of self-defense, in a measure, corrected the omission. Before appellant could be deprived of such right upon the ground of provoking the difficulty, he must have done something or said something for the purpose of inducing an attack upon him, and which was calculated to bring about that result before his right of self-defense would be abridged. Mason v. State, 88 Texas Crim. Rep. 642, 228 S. W. Rep. 952.

For the errors discussed the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*