## N. B. Squyres v. The State.

No. 22572.   Delivered June 16, 1943.
Rehearing Denied October 27, 1943.

The opinion states the case.

*Frank Sparks,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the murder, without malice, of Tom Dodd, and sentenced to serve a term of two years in the penitentiary.

The facts from the State's standpoint show a drunken brawl in which appellant shot the deceased during a fight between the two men. It seems that the two men and a third person by the name of Jake Lemley were drinking and visiting clubs at nighttime in Eastland, Texas, on August 22, 1942. That one of the clubs, known as Lola's place, was run by appellant's sister, and the deceased was not welcome therein. However the two companions visited Lola's place while the deceased remained in the appellant's car outside. After appellant and Lemley had located themselves as welcome guests in such place, the appellant sent Lemley back out to the car to bring the deceased in, stating that it would be all right if Tom Dodd, the deceased, remained with appellant. Immediately upon Dodd coming into Lola's place he was spoken to in some harsh language by Lola, and ordered by her to "go take a walk." The three friends then all retired, and got in the car and drove out towards the edge of town. Dodd began to comment on the character of Lola's place, and said that it ought to be closed up. An argument began between these two men, Jake Lemley sitting between them on the car seat. They got out, at appellant's suggestion, for the purpose of fighting, and Lemley heard a shot, and Dodd fell, mortally wounded and soon died on the road.

Appellant claimed that Dodd used some very insulting language relative to his sister, which he overlooked, but finally began to apply the insults to him, and then deceased struck appellant with a bar of iron; that appellant began fighting with Dodd, who hit appellant with a rock, whereupon appellant's wife, who claimed to have been following them, told appellant that Dodd had a knife, whereupon appellant possessed himself of a 22 rifle, which he habitually carried in his car, and in his own self-defense he shot Tom Dodd one time. There was found, after Dodd's death, a closed pocket knife with blood on it beneath the body.

The State then again produced Lemley, who contradicted most of appellant's testimony, and also some bystanders testified that the pocket knife fell out of the deceased's pocket and into a pool of blood when his body was lifted by the undertaker and coroner.

Some of the witnesses, including the appellant, had been theretofore convicted of felonies, and in the maze of contradictions herein presented all could not have been correct. The jury settled this matter, and we have no desire to disturb their finding.

Appellant filed a motion for a continuance in order to obtain the testimony of Homer Mathis and his wife, Lois Mathis, who was a niece of appellant's wife, who were alleged to be temporarily out of the State. He alleged that they, together with appellant's wife, were following a short distance behind appellant and his two companions, and that they saw the whole occurrence, and in said motion there was set forth what their testimony was supposed to be, and such would have been corroborative of appellant's theory of the transaction. It seems that these Mathis parties, relatives of appellant, had been properly subpoenaed at a former term of the court, but had gone to the State of Washington, and had not returned on account of the sickness of Mrs. Mathis.

The State was in possession of affidavits from both Mr. and Mrs. Mathis, evidently taken some three weeks after the killing, and attached same to its controverting motion, and from such affidavits it is seen that these parties knew practically nothing of the killing, and unless they materially changed their testimony from that set forth in their affidavits, they would not testify in accord with what appeared in the motion for a continuance as a summary of their testimony.

It is noted that no motion for a new trial appears in the record, therefore no affidavit of such witnesses as to what they would have sworn if present is found in the record. We think the trial court was correct in overruling such motion on the ground that in all probability such witnesses would not have sworn to the facts set forth in the motion. See 9 Tex. Jur., p. 855, Section 148, and cases there cited.

Appellant also complains of the court's charge, especially in the paragraph thereof relative to the appellant's right to self-defense. It is contended that same should have been given to the jury in a charge untrammelled with any other matter of culpability than that viewed from appellant's standpoint alone. The trial court did offer such a charge unmixed with aught save appellant's belief of an attack upon himself by the deceased, as shown by the defense testimony, in further paragraphs of the charge. However the court did also charge the jury in the objected to paragraphs that if the deceased was making an attack upon appellant, or if the appellant so believed, with a knife, same being a deadly weapon, and that such attack was not in defense of the deceased from an attack by appellant, then again appellant was given his right of self-defense.

Appellant objected to such a charge because there was no testimony authorizing such a charge, and because same destroyed appellant's right of self-defense. We think an answer to the last portion of such objection is found in the repeated charges on self-defense as well as defense against a milder attack as set forth in Art. 1224, P. C. We are also of the opinion that the testimony shows an offer by appellant to whip Dodd, and their getting out of the car for the purpose of fighting, and the engaging in a fight by the parties thereto. We think the objections leveled at the paragraphs in such charge at the time of the trial were not well taken.

We do not think any error has been shown, and the judgment is therefore affirmed.

### ON MOTION FOR REHEARING.____

HAWKINS, Presiding Judge.

Appellant insists that paragraphs Nos. 23 and 24 of the court's charge placed an undue limitation on his right of self defense. It is apparent that as originally prepared the court had omitted from his charge an instruction on Art. 1223 P. C., and the principal objection of appellant was directed at such omission. It was appellant's contention that he was defending against an attack or threatened attack upon him by deceased with a knife and a rock. In meeting appellant's objection to the charge the trial court charged Art. 1223 P. C., and told the jury that the knife in question was a deadly weapon, and left it to the jury to determine whether the rock was a deadly weapon. He then instructed the jury, in substance, that if they found the rock to have been a deadly weapon, and that deceased was using the knife or rock in assaulting appellant the presumption was that he intended to kill appellant, and that if the jury found deceased in using the knife or rock was not acting in his own defense against an unlawful attack upon him by appellant, and appellant killed deceased under such circumstances he should be acquitted.

We have again critically examined the entire charge of the court, and cannot bring ourselves to agree that the instructions referred to were contradictory of other portions of the charge, or that they could have in any way resulted in confusing the jury, or working injury to appellant.

The motion for rehearing is overruled.