SEBORN DARWIN V. THE STATE.

No. 22907. Delivered October 25, 1944.
State's Motion for Rehearing Granted February 7, 1945.
Appellant's Motion for Rehearing Denied March 14, 1945.

The opinion states the case.

HAWKINS, Presiding Judge, dissenting on motion for rehearing.

*Gib Callaway,* of Brownwood, for appellant.

*Ernest S. Goens, State's* Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for aggravated assault, punishment assessed at one year in jail and a fine of $500.00.

Appellant was indicted for the murder of Trammell Cason by striking, kicking and beating him and by beating his head against a cement floor.

The court submitted the issue of murder with and without malice and aggravated assault, and also charged upon provoking the difficulty. Appellant excepted to the instruction upon provoking the difficulty upon the ground that the evidence failed to raise such issue. We are not in accord with appellant in this contention. As raising this issue the State relies upon the act of appellant in going to where Cason was and calling him a "damn liar," or saying to Cason if he told a third party certain things "It is a damn lie," whereupon Cason seized a large S wrench and struck appellant on the head with it, making a considerable cut and causing much blood to flow. Appellant then caught hold of the wrench and in the struggle for possession of it Cason was thrown to the floor, but retained his hold on the wrench. In his effort to get possession of the wrench appellant would put his foot in Cason's face and push his head back against the floor. Some witnesses testified that appellant kicked Cason in the face. It was not thought at the time that Cason was seriously injured, but he became unconscious two or three hours after the fight and died some four days later from concussion.

Appellant's contention that the issue of provoking the difficulty is not raised is weakened by the fact that some thirty minutes before the fatal encounter Cason had called appellant a "damn liar" which caused appellant to assault Cason. In the event of another trial for aggravated assault we call attention to the following cases. Coleman v. State, 49 Tex. Cr. R. 355, 91 S. W. 783; Edgerton v. State, 68 S. W. 678; State v. Briggs, 21 S. W. 46; Waller v. State, 90 Tex. Cr. R. 257, 234 S. W. 534; Shaw v. State, 73 S. W. 1046.

The trial court gave a very admirable charge save in one instance, and the many exceptions to it seem without merit except the one complaining of paragraph eight of the charge wherein the jury was told that if Cason attacked appellant with

a wrench which was reasonably calculated to inflict death or serious bodily injury it was presumed that Cason intended to kill· or seriously injure appellant, and that appellant under such circumstances would have the right to kill Cason unless Cason was acting in his "own self-defense against an unlawful attack, if any, upon him by the defendant." That part of the charge quoted was objected to as being improperly incorporated in the instructions on the presumption from the use of a deadly weapon by Cason, specifically upon the ground that the evidence did not raise an issue of appellant attacking Cason at the time of the fatal difficulty. We think the court should have responded to this exception. The evidence does show that appellant made an assault upon Cason some thirty minutes before the fatal difficulty, but the parties had then been separated. We may have overlooked some evidence, or failed to properly appraise some, but have discovered none raising an issue of an attack by appellant at the time Cason struck with the wrench.

The facts present a set of circumstances much to be deplored, and impress us that this unfortunate event would not have happened had it not been both parties were under the influence of intoxicants.

For the error pointed out the judgment is reversed and the cause remanded.

ON STATE'S MOTION FOR REHEARING.

GRAVES, Judge.

The State has filed a motion for a rehearing herein based mainly upon the statement in the original opinion, as follows:

"We may have overlooked some evidence, or failed to properly appraise some, but have discovered none raising an issue of an attack by appellant at the time Cason struck with the .wrench."

The State's motion takes us to task relative to such statement, and quotes rather liberally from the testimony to show us an error therein.

The charge objected to, if called for by the facts, is undoubtedly a correct one, and we have so held it to be in other cases, the latest being Squyres v. State, 174 S. W. (2d) 601, and if such a charge was called for by the facts, then we were mistaken in our original opinion.

As showing facts upon which such a charge could be based, we are cited, among others, to the following testimony of J. W. Chapman:

"I saw Seborn Darwin after that, he was coming from the direction of the front of Marvin Floers' garage going towards the pick-up. He was just walking back that way, he was not going too fast, just a moderate walk. He did not have anything in his hands then, but later I saw a knife in his hand. That was after he came to the pick-up, and I started to walk off, I saw the knife in his hand and it was about half open, and he already was at the pick-up, then he did not circle the pick-up, but came straight to it. Mr. Cason was on that side of the pick-up, towards the back of the garage, talking to some man - - - - Darwin was coming back that way and the cab was between him and Trammel Cason, and it looked to me like Darwin was keeping the cab of that pick-up between them, and about the time Darwin got to the pick-up, Mr. Cason and this man stopped talking, and the man went out towards the filling station, - - - - Mr. Cason then went toward the back of the pick-up; the front of the pick-up was towards Mayes Street, and the back was toward the other wall of the garage; *and Cason started towards the back of the pick-up, and then Darwin turned and went towards the back of the pick-up, meeting Cason* . . . . . I was going towards the front of the garage and when I looked back they were scuffling over a big 'S' wrench, and had that wrench in the air up over them, and both of them had hold of it. * * * Darwin had the knife in his hand half-open when he started towards Cason. Before he got to Cason he shut the knife up and put it in his pocket."

It was also shown that there were two previous encounters between appellant and the deceased, in one of which appellant threw or pushed the deceased against the bumper of a car; again, they were quarrelling, and looked like they were going to fight; and then the third fatal encounter, all of which occurred in less than thirty minutes.

We do not feel willing to say that there was no testimony here that raised an issue of self-defense upon the part of the deceased. We think the testimony raised such issue, and being thus convinced, we think the charge complained of was not in error.

Had Mr. Cason survived the difficulty and Mr. Darwin been the participant who met his death, then could it be said that Mr.

Cason was not entitled under the facts to an issue of self-defense?

Cason was less powerful than Darwin, so appellant said; he had been worsted in one encounter with appellant; again another quarrel had arisen wherein appellant had exhibited a knife, so Cason said, and again Darwin came across the street to where Cason was and with a knife in his hand accosted Cason and said: "If you said you paid me, you are a damn liar. How do you like that?" Under such circumstances if Cason was upon trial for the killing of Darwin, we think the court would have been called upon to charge upon Cason's right of self-defense.

There should some weight at least be placed upon Darwin's conduct just before this last difficulty, and the trial court recognized such fact when he charged upon a provocation of the difficulty, and to that extent took away from appellant his perfect right of self-defense.

We think the testimony raises the issue of self-defense upon the part of the deceased, and therefore the State's motion is granted, the judgment of reversal is set aside, and the judgment is now affirmed.

HAWKINS, Presiding Judge, dissents.

HAWKINS, Presiding Judge (dissenting on motion for rehearing).

The State has filed a forceful motion for a rehearing taking issue with the statement in our original opinion wherein we said in substance that no evidence had been discovered raising an issue of an attack by appellant at the time Cason struck appellant with the wrench.

The evidence to which our attention is called does show that Cason may have anticipated and been fearful of an attack from appellant; indeed, he may have believed from what had occurred between them previously that appellant was about to attack him (Cason.) From this it is argued that if Cason had killed appellant under such circumstances and was upon trial that he (Cason) would have been entitled to a charge on self-defense. This may be conceded, yet it would not justfy the limitation on the charge of presumption from the use of a deadly weapon by deceased in the absence of evidence of an actual attack by appellant against which deceased was defending. In the absence of an actual attack by appellant Cason would

be defending against appearance of danger as it looked to him; but appellant's legal rights cannot thus be measured. He is on trial, not the deceased. The jury had no instructions from the court—and could not properly have had any—advising them as to self-defense by Cason from apparent danger. In the absence of such instruction the jury under the limitation complained of, in the absence of an actual attack by appellant, was left to exercise their own opinions as to what might or might not be an attack by appellant.

The present writer has again reviewed the facts and reiterates that the evidence does not show any actual attack by appellant upon Cason at the time of the unfortunate fatal encounter, and thinks in the absence thereof the evidence did not justify the limitation of which appellant complains. If the opinion in Squyres v. State, 174 S. W. (2d) 601, is construed to so hold, then that case should be qualified as here suggested.

It was the lack of evidence showing an actual attack to which the original opinion referred.

My brethren have concluded that the State's motion for rehearing should be granted. For the reasons herein stated I am still of opinion that the original disposition of the case was correct, and respectfully register my dissent.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The very earnest motion for rehearing filed herein, presented with great force by oral argument, concedes that the majority opinion definitely follows Squyres v. State, (174 S. W. (2d) 601) but insists that the Squyres case should be overruled. We are not inclined to do so.

It appears to the writer that one expression found in the majority opinion has confused counsel for appellant and caused him to view the majority opinion as endangering the right of self-defense. To the contrary, we view the majority opinion as giving added strength to it. There are two viewpoints in any controversy under contest. Each party, if on trial, would be entitled to have the case considered from his viewpoint. Always the party on trial for murder may invoke this as a first right. The paragraph referred to, in the original opinion, is as follows: "Had Mr. Cason survived the difficulty and Mr. Darwin been the

participant who met his death, then could it be said that **Mr.** Cason was not entitled under the facts to an issue of self-defense?" This expression is rather parenthetical and might be eliminated. It is nothing more than a re-check on the reasoning indulged and conclusion reached in the opinion immediately preceding it. It is not a basis for the conclusion and should not be so considered. It so happens that in the instant case the facts are of such a nature that when Darwin approached Cason he must have done so with a full knowledge of the impression which he was making on Cason and could hardly be relieved from the responsibility of the position which this perfectly apparent situation placed him in. Darwin was charged with such knowledge at the time he made the attack on Cason and this fact may not be overlooked.

We believe that if the above quoted paragraph should be eliminated from consideration, or if appellant's counsel should understand that it was not the basis for the conclusion but only a sound reflection on the situation after the conclusion has been logically reached, he then would be left without force in his motion for rehearing.

Having given full consideration to the motion, we find ourselves reaching the same conclusion to which we assented in the majority opinion affirming the case.

The motion for rehearing is overruled.

HAWKINS, Presiding Judge.

I adhere to the views expressed in my dissenting opinion of date February 7, 1945, and therefore, respectfully dissent from my brethren's views in overruling the appellant's motion for rehearing.