WALTER WARREN v. THE STATE.

*No. 278. Decided June 16.*

1. **Evidence—Defendant as a Witness—Impeachment of.**—Where a defendant on trial becomes a witness in his own behalf, it is not error to ask him as to other crimes committed by him, and whether he does not stand indicted for other offenses.

2. **Same—Charge of Court—Limiting Evidence as to Other Offenses.**—On a trial for theft, where the court has properly admitted evidence of other and different offenses charged against defendant, *Held*, error not to limit and restrict the effect and consideration of such evidence to its legitimate purposes by proper instructions in the charge to the jury, whether requested by defendant or not to do so.

APPEAL from the County Court of Caldwell. Tried below before Hon. GEORGE W. KEYSER, County Judge.

This appeal is from a conviction under an information charging appellant with theft of four spools of wire of the value of $15, the same being the property of, and in possession of, Jeff McMullen. The punishment assessed was a fine of $100, and imprisonment for thirty days in the county jail.

The points decided are sufficiently illustrated by the facts stated in the opinion.

*L. J. & A. B. Storey* and *W. W. Glass* filed able and interesting briefs for appellant.

*R. L. Henry,* Assistant Attorney-General, for the State.

SIMKINS, JUDGE.—Appellant was convicted of theft of wire under the value of $20, and punishment assessed at $100 fine and thirty days in the county jail.

Appellant having taken the stand as a witness and testified in his own behalf, the State, over objection, asked him if he had not appropriated some turkeys belonging to one Plewit and paid him in beef, and whether there was not an indictment for theft of a yearling and other offenses against him, which were answered in the affirmative.

The court did not err in permitting the questions to be asked. Jackson's case, ante, p. 281.

Appellant excepted to the general charge, on the ground that the court admitted testimony of other and different offenses against the defendant, and had failed in his charge to limit the evidence to the purposes for which it was admitted.

The exception is well taken. Where such testimony is admitted it is only for the purpose of impeachment of the credibility of defendant, and it is the duty of the court to so instruct the jury, whether requested or not.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Judges all present and concurring.