SAM CHANCE v. THE STATE.

No. 1373. Decided November 15, 1911.

Rehearing denied December 6, 1911.

1.—Theft of Cattle—Circumstantial Evidence—Explanation—Recent Possession—Charge of Court.

Where, upon appeal from a conviction of theft of cattle, there were no errors assigned in the motion for new trial with reference to the court's failure to charge on circumstantial evidence and explanation of recent possession, a complaint in the brief upon these grounds can not be considered under Article 723, Code Criminal Procedure.

2.—Same—Evidence—Credibility of Witness—Other Offenses.

Upon trial of theft of cattle, there was no error in compelling defendant to testify on cross-examination that he had been indicted for other thefts.

3.—Same—Evidence—Bill of Sale—Manufactured Testimony.

Upon trial of theft of cattle, there was no error in permitting the State to show that the defendant had fabricated a bill of sale to the alleged animal.

4.—Same—Evidence—Bill of Exceptions—Identification.

Upon trial of theft of cattle, where the testimony with reference to the identification of the alleged animal was admissible under certain contingencies, and the bill of exceptions did not negative this contingency, there was no reversible error.

5.—Same—Evidence—Identification—Evidence—Bill of Exceptions.

Where, upon trial of theft of cattle, the State sought to identify the time as to when the alleged animal was seen in a certain place, and such testimony was admissible under certain contingencies, and the bill of exceptions did not show the answer to the questions objected to, there was no error. Besides, the testimony was admissible.

6.—Same—Charge of Court—Fraudulent Taking—Requested Charge.

Where, upon trial of theft of cattle, the court's charge with reference to the fraudulent taking was the same in substance as that requested in the special charge, there was no error.

Appeal from the District Court of Hardin. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Blain & Howth,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, charged with the theft of cattle, and when tried, he was convicted, and sentenced to two years in the penitentiary.

Appellant's counsel has filed an able brief in this court, and in the brief complains that "the court erred in failing to charge on circumstantial evidence and that the court erred in failing to charge on recent possession of stolen property and reasonable explanation at the time." By reference to the motion for a new trial, we find no such errors assigned in the motion for a new trial. Appellant cites us to a number of cases, among them, Taylor v. The State, 27 Texas Crim. App., 463, holding that if the evidence is such as to call for a charge on these theories, it is error for the court to fail to so charge the jury. Without detailing the evidence, and discussing whether such charges were called for by the evidence, since the court rendered the opinion in the Taylor case and other cases cited by appellant, the Legislature in its wisdom, in 1897, provided by statute that "whenever it appears by the record in any criminal action, upon appeal by defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was excepted to at the time of the trial or in the motion for a new trial." The matters above complained about were neither excepted to at the trial, nor in the motion for a new trial, and this court is precluded by this statute from considering such matters on appeal. As to the wisdom of this law it is not for us to discuss, but we must follow it as written by the Legislature. See the case of Ryan v. State, decided today, and authorities there cited.

There was no error in permitting the State to ask defendant if he had been indicted in other cases of theft by the grand juries of Hardin and Jefferson Counties, and in requiring him to answer. This evidence was admissible for the purpose of affecting his credibility as a witness, and the court properly limited it in his charge.

It appears that subsequent to the time defendant is alleged to have stolen the animal, he exhibited to the district attorney a bill of sale to the animal in question, which purported to be from Joe McCluskey to one Fabriquez, and from whom he claimed to have purchased the animal. There was no error in permitting the State to show that McCluskey had never executed such bill of sale, and to introduce evidence tending to show that defendant and one Robert Webb, had written the bill of sale in question, and at the time of its execution, remarked that "it (the bill of sale) would clear defendant and put McCluskey in the penitentiary." This all would have a bearing on his claim of purchase in good faith from Fabriquez.

Mr. Jack Townsend had testified that he saw the animal alleged to

have been stolen in the lot of defendant, when among other things, the following proceedings were had: "Q. I will ask you to state whether or not you informed him about this particular beef—did you inform him or not? Defendant: I object to that testimony unless they show the defendant was present. State: I want to show at this particular time he showed Mr. Owens that he informed him about this brindle beef in Sam Chance's pen. Court: What is the purpose? State: The purpose is to show Mr. Owens that he knew where this beef was on the day before that. Court: It is hearsay. State: I understand. You do not catch the intent; why, I want to introduce the proof. All I want to know is the day in which Mr. Owens—in other words, the very time this beef was seen in the pen; it was seen there that day. Court: You want to identify the time. State: Yes, sir. Court: Go ahead. Defendant: We object to that as being hearsay, the defendant was not shown to be present. Court: Of course, he has got to follow it up, it is simply upon the question of identification of time. State: That is the only reason I offer it. Defendant excepts to the ruling of the court."

A bill of exceptions must be complete in itself, and this court does not look to other parts of the record in order to determine whether testimony is admissible. From this bill, we can not tell whether the State's attorney followed the matter up or not, and if he did do so, if the testimony of Mr. Owens was such as to authorize this statement to be introduced for the purpose of fixing the time, certainly after the witness, Townsend, had testified he recognized the animal in defendant's lot as the animal of the prosecuting witness, to permit him to state that he had told another about seeing the animal, would add no force to his testimony, and would not be reversible error; in addition thereto, as stated by the court, under certain emergencies, the testimony might be admissible for the purpose stated, and as this is not negatived in the bill of exceptions, it is incomplete and can not be considered. In the case of Bailey v. State, 50 Texas Crim. Rep., 398, this court held: "There are no separate bills of exception to the introduction of testimony. However, there are some exceptions taken in connection with the statement of facts. As usual, with this character of exceptions, it is difficult to determine whether they are taken in such manner as to require a review. . . . We again repeat, what we have heretofore said, that we will not wander through the entire record to find appellant's bills of exception." See also Jones v. State, 54 Texas Crim. Rep., 507.

In another bill, the following proceedings are complained of: State's counsel asked the witness Owens: "Q. I will ask you, Mr. Owens, if you ever was informed by anyone about this beef being penned in Sam Chance's pen? A. Yes, sir, I was. Defendant: We object to that as being wholly immaterial and hearsay, leading and suggestive. Court: What is the purpose of that? State: I want to follow it up and show it was Jack Townsend told him. Court: I understand. Is it

for the purpose of identifying the time Jack Townsend saw it? State: Yes, sir. Court: You can show it, but otherwise it is not admissible. You can show the time that Jack Townsend saw it. Defendant excepts to the ruling of the court."

This bill does not show that the witness testified that Jack Townsend told him anything, nor if he did do so, what it was he told him. We are not permitted to look to other parts of the record to see what, if anything, the witness testified. The bill being in this condition, nothing is presented for us to review.

There was no error in failing to give the special charges requested by defendant. The court charged the jury: "You are further charged that the fraudulent intent in the taking of the property is the very gist of the crime of theft, and without such intent exists in the mind of the person taking at the very time of the original taking of the property, there can be no theft, no matter if such intent was afterward conceived. And you are further charged that if you are satisfied from the evidence, beyond a reasonable doubt, that the head of cattle in question, that is, the red brindled steer, branded B, the hide of which was found in defendant's possession, was the property of the said Bill Parker, yet if you find and believe from the evidence that the defendant bought the head of cattle in question, that is, the red brindled steer, branded 'B,' from a man who gave his name as Jack Fabriquez or Fabricus, then you will acquit the defendant, or if you entertain a reasonable doubt as to whether or not the defendant bought the head of cattle in question, that is, the red brindled steer, branded B, from a man giving his name as Jack Fabriquez or Fabricus, you will solve the doubt in favor of defendant and acquit him."

This covered all that was in the special charges requested it was proper for the court to give in charge. As before stated, the evidence in regard to the bill of sale was admissible. To have charged thereon would have been upon the weight to be given the testimony.

Affirmed.

*Affirmed.*

### ON REHEARING.

#### December 6, 1911.

HARPER, JUDGE.—Appellant has filed a motion for a rehearing herein, in which he earnestly insists that the court erred in admitting the testimony of Jack Townsend when he permitted Townsend to testify that on the day he saw the beef in defendant's pen, he told Mr. Owens about it, which was done, as he said, for the purpose of fixing the time, and also erred in permitting Mr. Owens to testify that Townsend had told him. As said in the original opinion, neither of these bills are in such condition as would properly present the questions to this court for review. However, as in the original opinion, we quoted from an opinion of Judge Henderson, approvingly, wherein he held: "We again repeat what we have heretofore said, that we will

not wander through the entire record to find appellant's bills of exceptions." Appellant, in his motion, says: "The brief filed in this case, cites the court to the pages of record of record containing the objectionable testimony." This is a trouble we often find in cases on appeal, the brief will ably present a question, yet when we turn to the bill of exceptions in the record, it is so incomplete as to present no question for review. As shown in the original opinion, the bill of exceptions does not show that Townsend told Owens anything. Nor does the other bill show that Owens testified Townsend told him anything. Appellant insists we should go to the statement of facts, and we would see they did so testify. This is what this court has held it will not do, in an unbroken line of decisions, but a bill of exceptions in and of itself, must present the question, without reference to what the statement of facts will or will not show. But if the bills were complete under this record, the testimony would be admissible for the very purpose suggested by the court, as showing the time. Appellant and his witnesses had testified that the day before Townsend saw the beef in his pen, he had bought the animal from a traveler in Jefferson County. To refute this testimony, in rebuttal, the State proved that the day before Mr. Owens had seen this animal on his accustomed range in Hardin County, Texas, about one and one-half miles from defendant's residence. Mr. Townsend testified that the day he saw the animal in defendant's pen he told Owens. Owens testified that the day before, he saw the animal at a different place and in a different county where defendant claimed to have bought the animal. If we go to the statement of facts for one purpose, then we go for all purposes, and when we do so, we find the testimony not only admissible, but very material in going to show that appellant's explanation of his possession was not probably true. Either he was mistaken about buying the animal in Jefferson County the day before, or Mr. Owens was mistaken about seeing it in Hardin County, about one mile and a half from defendant's residence, and this was a question for the jury to determine. In rebuttal, the State had the right to prove this explanation false, if it could do so, and when we consider the record, there was no error in admitting the testimony.

Motion for rehearing overruled.

*Overruled.*