## Simeon Hays v. The State.

### No. 7631.   Decided May 30, 1923.

**1.—Murder—Venue—Nearest Courthouse.**

When the accused objects to the change of venue to the nearest county upon the ground that there exists in such county prejudice which would prevent his there obtaining a fair and impartial trial, and reserves a bill of exceptions thereto, will not suffice as the foundation for a plea to the jurisdiction of the court to which the venue is changed, nor avail the accused on appeal. It is incumbent upon him to set up such fact, and properly support it by proof, when the case is called for trial. Following Cox v. State, 8 Texas Crim. App., 283, and other cases.

**2.—Same—Declarations by Deceased—Res Gestae.**

Where, upon trial of murder, the defendant objected to the statement made by deceased to another which was offered in evidence by the State, but the record showed that the statement was made by the deceased not long after the assault upon him, when he was suffering great pain, evidently from his wounds, and was made when the parties first came to the car and found him there, and moreover was substantially in accord with his dying declaration admitted in evidence, there is no reversible error.

**3.—Same—Evidence—Bill of Exceptions.**

It is well understood that an error complained of as to the admission of evidence must be made to appear by the contents of the bill of exceptions itself, and that the court will not search through the record to ascertain if the facts stated as the grounds of objection are true.

**4.—Same—Charge of Court—Self-Defense.**

Where, upon trial of murder, the court's charge on self-defense was not open to the objections made by the defendant, and was in fact changed to conform to the exceptions presented, there was no reversible error.

5.—Same—Charge of Court—Burden of Proof.

Where, upon trial of murder, the court's charge that defendant would have the same right to defend his brother, etc., was not subject to any exception that it put upon defendant the burden of showing that his brother was justified in killing deceased, there was no reversible error.

6.—Same—Charge of Court—Provoking Difficulty.

Where, upon trial of murder, the court submitted the question of provoking the difficulty in the proper manner in his charge on self-defense, there was no reversible error.

7.—Same—Manslaughter—Charge of Court—Requested Charge.

Where, upon trial of murder, the court's charge fully submitted the law of manslaughter applicable to the facts in the case, there was no error in refusing a requested charge which would not properly apply the law.

8.—Same—Charge of Court—Self-Defense—Grouping Facts.

There was no error in refusing a requested charge, singling out certain facts and enumerating them, and asking that upon the jury's belief of such facts they should find that defendant had not forfeited his right of self-defense, to acquit.

9.—Same—Sufficiency of the Evidence.

Where, upon trial of murder, the evidence was sufficient to sustain the conviction for that offense, there was no reversible error.

Appeal from the District Court of Cass. Tried below before the Honorable Hugh Carney.

Appeal from a conviction of murder; penalty, twenty years imprisonment in the penitentiary.

The opinion states the case.

*Sid Crumpton & L. E. Keeney*, for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Cass County of the offense of murder, and his punishment is made to Hays v. State, 90 Texas Crim. Rep. 192, for a statement of fixed at twenty years in the penitentiary.

This case has been before this court on a former appeal and reference the facts herein involved.

Noting appellant's first contention we observe that Article 631 C. C. P. in express terms directs that if the venue in a criminal case be changed, it shall be sent to that county whose courthouse is nearest that in which the case is pending "unless it be made to appear to the satisfaction of the court that such nearest county is subject to some objection sufficient to authorize a change of venue in the first instance." That the accused objects to the change of venue of his case to the nearest county upon the ground that there exists in such

county prejudice which would prevent his there obtaining a fair and impartial trial, and that he reserves a bill of exceptions to the action of the court in ordering the venue changed to such county, will not suffice as the foundation for a plea to the jurisdiction of the court to which the venue is changed, nor avail the accused on appeal. If prejudice exists in the county to which the venue is changed, it is incumbent upon the accused to set up such fact and properly support it when his case is called for trial in the county to which transferred, and there ask for a change of venue to some other county, So in this case the objection by appellant to the change of venue of his case from Bowie County to Cass County, not being followed by an application for a change of venue from the latter county, when his case was there called for trial, gave him no right to demur to the jurisdiction of the Cass County District Court and can not here avail him. Cox v. State, 8 Texas Crim. App. 283; Thurmond v. State, 27 Texas Crim. App. 347; Frizzell v. State, 30 Texas Crim. App. 42; Sapp v. State, 87 Texas Crim. Rep. 612.

Appellant objects to statements made by deceased to one Hatcher which were offered in evidence by the State. How long this occurred after the shooting and cutting of deceased is not shown by the bill of exceptions, but from the court's qualification it is made to appear that it was a short time. The acts and conduct of Barnes in then drawing a pistol on Hatcher and demanding that he know nothing of what had occurred, all of which took place in the presence of appellant who was but a few yards away as set out in the court's qualification to bills of exception Nos. 2 and 3, would seem admissible and not open to the objection made by appellant that this was hearsay and not res gestae. Hatcher and one Tittle came up to the car in which deceased was lying apparently helpless from the wounds inflicted upon him, and shortly afterward appellant and Barnes came back to the place where the difficulty in which the wounds were inflicted upon deceased took place, and at this time the conversation between Barnes and Hatcher came up. According to Tittle's testimony both appellant and Barnes demanded that they know nothing. Hatcher testified that when the car came up in which appellant and Barnes were that appellant told him they were in a hell of a fix and that it all came up from a curse fight he had had with deceased and witness on Thursday before. In the course of the conversation appellant, referring to deceased, said "Let the son-of-a-bitch lie there and let the justice of the peace find him in the morning," but finally agreed to let witness and Tittle take deceased away upon the condition that they would know nothing about the fact that appellant and Barnes had come back down there. The testimony seems ample to support the proposition that appellant, Barnes and Tom Hays, brothers of appellant, were acting together in the difficulty which resulted in the death of deceased. From the dying declara-

tion of deceased we would conclude that appellant was one of the prime movers in bringing about the homicide. If Hatcher told the truth when on the witness stand, it would seem that the one of the three who had a grudge against deceased, was this appellant growing out of a difficulty two or three days before the homicide, and the trouble that then came up was attributed to this difficulty in a statement made by appellant to Hatcher. We do not believe the court erred in admitting the testimony complained of in appellant's bills of exception Nos. 2, 3 and 4. The statement made by deceased complained of in bill of exceptions No. 4 was made when he was suffering great pain evidently from his wounds and was made to Hatcher and Tittle when they first came to the car and found him therein. It was substantially in accord with his dying declaration which was admitted in evidence.

By his bill of exceptions No. 5 appellant complains that Hatcher was allowed to testify that deceased told him that the defendant and Tom Hays were going to try to get him to go squirrel hunting with them on Friday before the difficulty on Sunday night, and that deceased said he knew what they wanted him to go for and that he was not going. The objections made to this were that it was hearsay and was the undisclosed motive of acts and words of deceased and was not known to defendant. None of said objections are shown by the contents of the bill of exceptions to be in fact well founded. This court must presume that within the knowledge of the trial court there was no foundation for such objections and that his action in overruling same was correct. This applies also to bills of exception Nos. 6 and 7. The rule applicable has been often stated and is well understood that the error complained of must be made to appear by the contents of the bill of exceptions itself and we will not be compelled to search through the entire record in an effort to find out if the facts stated as the grounds of objection are true.

Paragraph 27 of the court's charge gives to the accused the right to kill in self-defense if it appeared to him that deceased was making or about to make an attack on Tom Hays, or if he believed deceased was about to attack appellant, or if deceased was in fact about to attack him, or if deceased made such attack. We do not think this part of the court's charge open to the objection made to it by appellant. In fact the bill as qualified by the learned trial court shows that the main charge was changed to conform to the exceptions presented.

The charge that appellant would have the same right to defend his brother Tom Hays upon threatened danger from deceased, that Tom would have and to the same extent, and that if the jury found that Tom Hays killed deceased and was justified in so doing under the instruction given, they would acquit appellant,—was not subject to any exception that it put upon appellant the burden of showing that his brother Tom was justified in killing deceased.

Paragraph 31 of the court's charge submitted the theory that if Tom Hays provoked the difficulty with deceased for the purpose of slaying him and he did so kill in pursuance of said purpose, appellant could not justify on the ground of self-defense of his brother provided the jury believed beyond a reasonable doubt that appellant knew of the provocation of such difficulty by Tom Hays; but if Tom Hays did not provoke such difficulty but was attacked by deceased, then appellant would have the right to defend Tom to any extent the facts and circumstances seem to call for. We can not agree with appellant that this deprived him of any right he might have in case he did not know Tom's purpose in provoking the difficulty, if any. The other exceptions to this paragraph of the charge were full met in another portion of same.

The court's charge fully submitted the law of manslaughter, and in our opinion the special charge asked by appellant on this issue, based on the proposition that he, his brother and Barnes had agreed to make an assault upon deceased but not to inflict death or serious bodily injury, etc., was correctly refused. Appellant denied positively any sort of agreement with his brother and Barnes to assault deceased, and we find nothing in the record suggesting an agreement on the part of said parties to act together in the accomplishment of a less purpose than his death.

Appellant's special charge No. 2 singling out certain facts and enumerating them and asking that upon the jury's belief of such facts they should find that he had not forfeited his right of self-defense, was correctly refused. There were many other reasons seemingly based on legitimate testimony in the record which if believed by the jury would deny appellant's right of self-defense and make him guilty of unlawful homicide, other than the fact that even though he was at his car when Barnes and Tom Hays began the difficulty with deceased and that Tom Hays said he was shot and that appellant went to where they were with a pistol in his hand.

We regret our inability to agree with distinguished counsel for appellant who by his brief and oral argument so forcibly insists that the evidence does not justify the verdict. Appellant had rather a serious misunderstanding with deceased and witness Hatcher on Thursday before the killing on Sunday night and, according to the State's testimony, had then threatened both of them. On Friday appellant and his brother seem to have invited deceased to go squirrel hunting with them, which invitation he declined to accept. This homicide occurred Sunday night on the way home from a dance. Appellant was driving the car in which his brother, Boy Barnes and some others were, and the car was stopped twice in the road just in front of the car occupied by deceased and his party. At the second stop the fatal difficulty took place, Deceased was cut nineteen times with a knife or some sharp instrument, had contused wounds on his

head, and was shot in the back, the bullet penetrating his spinal cord. He died a few days after the difficulty from pneumonia caused by knife wounds in his lungs. Before he died he made a statement which was admitted in evidence, which if true shows the active participation of appellant in the various attacks upon deceased, and that appellant shot him and was encouraging and urging on the others throughout the difficulty. The parties in the car with deceased became so alarmed that they went away and left him at the scene helpless in the car. Appellant and Barnes came in their car back to the place of the difficulty shortly thereafter and appellant there stated to State witness Hatcher that the curse fight with deceased on the Thursday preceding brought about this trouble. Other witnesses testified to the participation of appellant in the difficulty.

Without further reviewing the facts, we are of opinion they are sufficient to support the verdict, and finding no reversible error in the record, an affirmance will be ordered.

*Affirmed.*