BILLIE HUNTER v. THE STATE.

No. 8078. Decided January 9, 1924.

Rehearing denied February 13, 1924.

1.—Selling Intoxicating Liquor—Identity of Defendant.

Where the identity of defendant was an issue of fact the verdict of the jury settles the matter and there is no reversible error.

2.—Same—Memoranda—Refreshing Memory—Witness.

There was no error in permitting a witness to use a memoranda to refresh his memory, besides the bill of exceptions did not give the testimony by the witness.

3.—Same—Moral Turpitude.

Where a witness for the defendant was asked on cross-examination if he had not been convicted of violating the so-called Volstead Act to which he replied in the negative, but admitted that he was charged with such violation, there is no reversible error, in the absence of a showing in the bill of exceptions of the testimony given by the witness. Following Conger v. State, 63 Texas Crim. Rep., 327.

4.—Same—Evidence—Bill of Exceptions.

Although no surrounding facts were given or set out in the bill of exceptions, yet, if all of the record is considered the evidence was sufficient to show the guilt of the defendant and the minimum punishment was assessed, there is no reversible error.

5.—Same—Evidence—Conclusion of Witness—Intoxicant.

Where the objection advanced was that the statement of the witness that the article was whisky was a conclusion of the witness, but the witness described the liquid, there is no reversible error. Following Cathey v. State, 252 S. W. Rep., 534.

6.—Same—Charge of Court—Words and Phrases.

Considering the charge of the court in its entirety and in the light of the record it must have made clear to the jury that unless the defendant was present and made the sale in person an acquittal should result, the complaint that the use of the word indirectly used in the court's charge was misleading, is untenable.

7.—Same—Rehearing—Unnecessary Allegations—Burden of Proof.

The unnecessary averment, in the indictment that the liquor was not sold for medicinal, mechanical, scientific, or sacramental purposes, did not render it necessary that the State make proof of these negative allegations, the burden was upon the defendant.

Appeal from the District Court of Jefferson. Tried below before the Honorable Geo. C. O'Brien.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*F. G. Vaughn,* for appellant.—On question of allegation and proof: Warrington v. State, 1 Texas Crim. App., 174; Meuly v. State, 3 id., 383; Robinson v. State, 60 Texas Crim. Rep., 592.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, Presiding Judge.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for a period of one year.

Without stating it in detail, the State's evidence, if believed, shows that the appellant sold to W. M. Stanley, Jr., intoxicating liquor containing about fifty per cent of alcohol. The appellant's testimony presents the theory of alibi. The issue of the appellant's identity as the offender has been settled against him by the verdict of the jury upon competent and direct evidence.

There was no error in permitting a witness to use a memoranda to refresh his memory. Moreover, the bill does not reveal the testimony given by him.

A witness for the appellant was asked on cross-examination if he had not been convicted of violating the so-called Volstead Act, to which he replied in the negative, but admitted that he was charged with such violation. The bill containing no statement of the evidence given by the witness, leaves this court without information upon which to determine whether the impeachment of the witness was prejudicial to appellant. In the absence of such statement in the bill, the presumption in favor of the correctness of the court's ruling must prevail. Conger v. State, 63 Texas Crim. Rep., 327; Vernon's Texas Crim. Stat., Vol. 2, p. 537, note 21.

The witness Powell was asked by the State's attorney to state what he did. He replied that he and Stanley went to a certain cafe and took a glass of milk to counteract the effect of the drinks taken. None of the surrounding facts are set out, but if all of the record is considered in aid of the bill, no material error is perceived, for the reason, among others, that the evidence is sufficient to show guilt, and the minimum punishment was assessed.

The complaint that when Stanley was asked if he bought anything from the appellant he replied, ''Nothing but whisky,'' is without merit. Especially is this true when it appears, without dispute and without objection, that the article purchased from the appellant by Stanley was shown to contain a high percentage of alcohol and to be usable as a beverage. The idea advanced is that the statement of the witness that the article was whisky was a conclusion. The witness described the liquid which the appellant sold to him. His conclusion that it was whisky was competent. Cathey v. State, 94 Texas Crim. Rep., 599, 252 S. W. Rep., 534.

In its charge, the court used this language:

''* * * our Penal Code provides it to be unlawful for any person, directly or indirectly, to sell, * * * spirituous, vinous, and intoxicating liquors, * * * not for medicinal, mechanical, scientific, nor sacramental purposes.''

Appellant complains of the use of the word ''indirectly'', asserting it to be misleading in that all of the evidence of the State to the effect that the appellant in person sold and delivered the whisky to the purchaser, and the implication in the charge that there was evidence of an *indirect* connection with the sale, which might justify conviction, being opposed to the defense of alibi, was calculated to mislead the jury. The objection urged against the charge of the trial court was that *it was directing the jury to find the defendant guilty of selling intoxicating liquors indirectly.* That part of the charge of the court which submits the issue to the jury for finding bears no such interpretation. It reads thus:

''Bearing in mind the foregoing instructions, you are further instructed that if you believe from the evidence beyond a reasonable doubt that the defendant Billy Hunter did on or about the 11th day of February, A. D., 1922, in Jefferson County, Texas, unlawfully, and not for medicinal, mechanical, scientific, nor sacramental purposes, *sell spirituous liquors* capable of producing intoxication to one W. M. Stanley, Jr., as charged in the bill of indictment, you will find him, the said defendant, Billy Hunter, guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for any period of time not less than one year nor more than five years; and if you do not so believe from the evidence beyond a reasonable doubt, you will find the defendant Billy Hunter not guilty.''

Following the paragraph quoted was the charge on alibi, which concluded with these words:

"Now, if the evidence raises in your minds a reasonable doubt as to the presence of the defendant at the place where the offense was committed (if committed) at the time of the commission thereof, you will find him 'not guilty'."

Considering the charge in its entirety and in the light of the record, the opinion is expressed that it must have made clear to the jury that unless the appellant was present and made the sale in person, an acquittal should result.

The judgment is affirmed.

*Affirmed.*

### ON REHEARING.

### February 13, 1924.

MORROW, Presiding Judge.—The unnecessary averment in the indictment that the liquor was not sold for medicinal, mechanical, scientific or sacramental purposes did not render it necessary that the State make proof of these negative allegations. Such was the rule at a time when the law required such averments. Robert v. State, 90 Texas Crim. Rep., 133. The purpose for which the liquor was sold being peculiarly within his knowledge, the burden was upon the appellant to introduce sufficient evidence on the subject to raise in the minds of the jury a reasonable doubt as to whether his purpose was a lawful one. Underhill on Crim. Ev., 3rd Ed., Sec. 52, 51, notes 26, 27 and 28. See also cases collated in Robert v. State, supra.

The motion is overruled.

*Overruled.*