## JACK KYNOCK V. THE STATE.

### No. 9773.  Delivered February 3, 1926.

**1.—Possession of Intoxicating Liquor—Bill of Exception—When Incomplete—No Error Presented.**

Where, on a trial for the possession of intoxicating liquor, for the purpose of sale, appellant complains of the cross-examination of his witness Louie Cobb, by the state, but his bill fails to show what Cobb had testified to, or in what manner he was a material witness, nothing is presented for review. This court will not reverse a case because of a matter complained of in a bill of exceptions unless the bill within itself is sufficient to show error.

**2.—Same—Impeaching Witness.**

Where a witness testifies in behalf of the defendant, it is proper to permit the state to prove contradictory statements to those given on the trial, as affecting the credibility of the witness, and it is not material if such statements were made while he was under arrest, in admitting them upon the trial of another person.

Appeal from the District Court of Lubbock County.  Tried below before the Hon. Clark M. Mullican, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty four years in the penitentiary.

The opinion states the case.

*Bishop & Starnes* of Lubbock, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is unlawful possession of intoxicating liquor and the punishment is four years in the penitentiary.

There is no error manifested in defendant's bill of exceptions complaining at the court's action in permitting Deputy Sheriff Fort to have charge of the jury.  Spear v. State, 123 S. W. 415. Galan v. State, 150 S. W. 1171.  Holmes v. State, 156 S. W. 1163.

Appellant complains at the court's action in permitting the state to ask the witness Louie Cobb, the following question: "You didn't start to school until the County Judge made you, did you?' to which the witness answered "No, sir." The objection to this testimony was that the witness was a juvenile, that it was on an immaterial matter, was irrelevant and was not the

proper way to impeach a witness. This bill of exceptions is wholly insufficient to show any error. It fails to state what the witness Cobb had testified to and is wholly insufficient to show that he was in any manner a material witness, or testified to a material fact in the defendant's favor. We again call attention to the fact that before this court can reverse a case because of a matter complained of in a bill of exceptions, the bill must be sufficiently full to show error.

The same is true of bill No. 3 reserved by the appellant.

This bill wholly fails to set out any facts that will enable this court to determine whether error was committed. We think that while the bills raising the matter are entirely insufficient on their face to show any error, yet if the matter had been properly presented, that bills four and five would be wholly insufficient to show that the testimony objected to therein should have been excluded. These bills complain at the court's action in permitting the state to ask the officer who made the arrest as to what statement Louie Cobb, the party who was with the defendant at the time he possessed the whiskey made to them on the way back to town. Their answer to these questions was to the effect that Cobb stated that they had gone out there to see some negro women. Cobb had already testified in behalf of the appellant that they were simply driving around and were not going to any place in particular. It occurs to us that this testimony was properly admitted for the purpose of impeaching the witness Cobb. It was at least a direct contradiction of the purpose given by him in his examination in chief, and the fact that he was under arrest at the time would not prevent the state from using for impeachment purpose statements that he made on the trial of some person other than himself.

Believing that this record manifests the facts that the appellant has had a fair trial and that he was convicted under testimony amply sufficient, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.