PEN WIDENER V. THE STATE.

No. 11304. Delivered January 18, 1928.

Rehearing granted April 11, 1928.

### 1.—Sale of Intoxicating Liquor—Bill of Exceptions—Incomplete—Shows No Error.

Where bills of exception complains of the improper impeachment of appellant's witnesses and while the bills show that the method of impeachment was improper, they contain no statement of facts, showing the materiality of the testimony of the impeached witnesses. If the testimony of the impeached witnesses was immaterial their improper impeachment would not have been harmful to appellant. But see opinion on rehearing. See Miller v. State, 150 S. W. 926.

### 2.—Same—Bills of Exception—Qualification Controls.

Where a bill of exception complains of the excusing of certain members of the regular jury, and the bill was qualified by the court showing that said jurors were excused for good cause, the qualification controls, and no error is shown.

#### ON REHEARING.

### 3.—Same—Bill of Exception—As Corrected—Shows Error.

In our original opinion we held that appellant's complaint of improper impeachment of his witnesses was not properly before us. On rehearing his bills complaining of this matter have been corrected by addition of statements erroneously omitted by the clerk in making up the transcript, and as corrected his bills show error.

### 4.—Same—Impeaching Witness—Held Improper.

It was error, as impeaching testimony, to permit the state to prove by a witness for appellant that said witness had a complaint filed against him in 1925 charging him in Federal court with selling narcotics, it being shown that several grand juries had intervened without returning an indictment for said offense. See Brown v. State, 289 S. W. 386.

Appeal from the District Court of Navarro County. Tried below before the Hon. Hawkins Scarborough, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Gibson, Lovett & Lovett* of Corsicana, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE. — The offense is selling intoxicating liquor, the punishment confinement in the penitentiary for two years.

The state's testimony shows, in substance, that on the 14th of December, 1926, a Federal prohibition agent purchased a half a pint of whiskey from appellant. Appellant relied upon an alibi.

By bills of exception Nos. 1 and 2, appellant complains of the misconduct of the County Attorney in improperly impeaching one of his witnesses. While appellant's bills show that the method of impeachment was improper, they contain no statement of facts showing the materiality of the testimony of the impeached witness. We do not know from said bills what testimony the witness gave. If his testimony was immaterial, his improper impeachment would not have been harmful to appellant. Miller v. State, 150 S. W. 635; Holmes v. State, 150 S. W. 926. The bills of exception being insufficient in the respect mentioned, reversible error is not made to appear.

We are unable to agree with appellant that bills of exception Nos. 4 and 5 show an abuse of discretion on the part of the trial court in excusing certain members of the regular jury panel. As qualified, the bills show that said jurors were excused for good cause.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—In the original opinion we held that appellant's bills of exceptions Nos. 1 and 2 showed that the County Attorney was permitted to improperly impeach one of the appellant's witnesses. However, the bills of exception failed

to manifest reversible error because of the fact that they failed to disclose what testimony the witness gave. It is now made to appear that in copying bill of exception No. 2, the clerk of the trial court omitted that portion of said bill showing that the witness had testified that on the occasion of the alleged offense appellant was at another and different place, being at home and confined on account of illness. A corrected copy of the bill in question has been duly and properly made a part of the record.

Two Federal prohibition agents testified to the purchase of one-half pint of whiskey from appellant at 8 o'clock p. m. on the 14th of December, 1926. Their testimony was to the effect that appellant was in his place of business at the time of the delivery of the whiskey. Appellant did not testify. Dr. Sanders, the witness mentioned in bill of exception No. 2, testified that he was appellant's family physician; that he visited appellant at his home at about 8 o'clock p. m., on December 14, 1926; that at the time appellant was ill and was confined to his bed.

Over proper objection by appellant, as shown by the corrected bill of exception, the witness Sanders was required to testify that in 1925 a complaint had been filed against him in the Federal Court for selling narcotics, but that he had not been prosecuted, several grand juries having intervened without returning an indictment. We quote from the language of Judge Lattimore in Brown v. State, 289 S. W. 386, as follows:

"It is permissible to show as affecting credibility that an indictment has been returned or a complaint filed charging a witness with a felony or an offense involving moral turpitude; but in case one be charged with a felony by complaint and there be a grand jury subsequently convened, which adjourns without returning any indictment therefor, proof of the fact of such charge by complaint is incompetent to affect the credibility of the person so charged and offered as a witness."

Giving effect to the announcement of the decisions we must hold that bill of exception No. 2 manifests error. The witness having given material testimony which, if believed by the jury, would have entitled appellant to an acquittal, his improper impeachment was prejudicial to appellant and constitutes reversible error.

Appellant's motion for rehearing is granted, the judgment

of affirmance is set aside, the judgment of the trial court is now reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.