## SHUFFIELD v. STATE. (No. 11523.)

Court of Criminal Appeals of Texas. Jan. 30, 1929.

Rehearing Denied June 26, 1929.

Taylor, Muse & Taylor, of Wichita Falls, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful transportation of spirituous liquors capable of producing intoxication; penalty, five years in the penitentiary.

No bills of exception appear in the record. Two propositions are asserted for reversal in a brief on file, namely, that the verdict was excessive and that the action of the court in admitting the searching officers' testimony touching the result of the search of appellant's car was fundamentally erroneous, and presents error without a bill of exception.

An officer of Wheeler county was informed by telephone that a car was approaching from Shamrock which was believed to have whiskey in it, and the number and description of the car was given, together with a description of the two men in same. Officers stopped a car fitting this description and bearing the number given, and searched same, finding therein 32 or 33 bottles of whisky unbroken and several that were broken. They also found two-thirds of a quart bottle of whisky between the two men on the seat. Before the search the officers smelled whisky in the car. They also testified that the breaths of the two men in the car bore the odor of whisky. One of the men in the car appeared drunk, and the other had the appearance of just getting over a big drunk.

Speaking of the question of our right to review excessive penalties, it was said by Presiding Judge Morrow in Wagner v. State, 87 Tex. Cr. R. 47, 219 S. W. 471, that "generally speaking, where the conviction is legal and the punishment within the terms of the statute, its modification is left by the courts to the executive department, in which there is vested authority to diminish the punishment without overturning the conviction, an authority not possessed by the courts." See, also, Zunago v. State, 63 Tex. Cr. R. 58, 138 S. W. 713, Ann. Cas. 1913D, 665; Vernon's C. C. P. 1925, art. 693, note 15. This matter has been vested by law to the discretion of the jury, and is one with which this court will not interfere under the facts presented by the instant record.

While the extreme penalty was assessed, the jury under the facts may have thought same justified for a reason aptly expressed by Justice Hawkins in Parroccini v. State, 90 Tex. Cr. R. 320, 234 S. W. 671: "This court is sufficiently informed on the construction and operation of automobiles to know that a mixture of gasoline through the carburetor and alcohol in the operator is a dangerous combination, likely to eventuate in disaster."

In order for this court to review the action of the trial court in admitting the result of the search complained of, a bill of exception is imperative. This is statutory. See article 667, C. C. P. 1925; Fisher v. State, 108 Tex. Cr. R. 332, 1 S.W.(2d) 301; Hays v. State, 94 Tex. Cr. R. 498, 252 S. W. 521.

Aside from this, we will say in passing that, if a proper bill were in the record presenting this matter, the same would not show any error, since it appears the appellant took the stand and testified to the presence of whisky in the car. This would render

harmless the error, if any, in the admission of the officers' testimony, under the repeated decisions of this court. Ross v. State (Tex. Cr. App.) 11 S.W.(2d) 516.

There are still other well-known rules which would justify this court in overruling such a bill, if properly presented, but their discussion would add nothing of value to this opinion.

We regard the evidence as sufficient to sustain the verdict, and, finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. ■ Appellant makes a strong argument based on his conception of what he believes to be his fundamental rights which he insists were violated upon this trial. As stated in the original opinion, there were no bills of exception or complaints of any matter of procedure upon the trial in the court below, save a motion for new trial in the usual form. If the defendant sits by and permits hearsay evidence, and makes no complaint of same, this court is at a loss to know how it could give him the benefit of an objection to such procedure. The testimony appearing in the record is plain and convincing, and we cannot reverse solely because of the fact that the jury has given appellant a five-year penalty, which is the highest penalty allowed by law.

The motion for rehearing will be overruled.