Ed Wells v. The State.

No. 13850.   Delivered January 7, 1931.
Rehearing Denied February 11, 1931.

The opinion states the case.

*M. E. Gates,* of Huntsville, and *Berry & Berry,* of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

We find in the record seven bills of exception. In the first complaint is made of the fact that the State was allowed to ask appellant where he was on the night of the alleged sale of intoxicating liquor, and he answered that he was in Houston, Texas. We fail to see the force of the objection to this, viz: that it was not in rebuttal of any testimony offered by the defendant. Neither do we see any objection to the State thereafter proving by another witness that appellant was in Huntsville, Texas, on the night referred to.

It appears that when the witness for the State who claimed to have purchased the liquor from appellant, turned said liquor over to the sheriff, that said officer put a label upon it. Appellant objected to testimony of the fact that a label was placed upon the bottle. We do not see the force of this objection.

There is a bill complaining of the acton of the court in refusing to allow appellant to show by the alleged purchaser of the liquor in question that he had been engaged in undercover work in other counties besides Walker County. The court sustained the State's objection, affirming that such testimony was not admissible for the purpose of affecting the credibility of the witness. There is nothing in the bill which shows

what the answer of the witness would have been. Along the same line the court sustained an objection by the State to a question asked said witness by appellant's counsel as to what had been his avocation and earning capacity in the last twelve months. The bill fails to show what the answer would have been. Neither bill shows error.

The remaining bill complains of the fact that the State was permitted to introduce in evidence a part of a bottle of liquor identified by the alleged purchaser as that which he obtained from the defendant on the occasion in question. The facts in evidence are amply sufficient to support the conclusion.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant complains in his motion for rehearing that we misconceived the point presented in bill of exception number three, claiming that the objection urged was not to proof that the sheriff placed a label on the bottle but to proof of the contents of the label as being hearsay. The bill recites that over objection of appellant the sheriff was permitted to testify "that he and the witness Casey labeled said liquor, and offer in evidence the label placed upon the same." The objection was "that any label put thereon and writing identifying the liquor was hearsay." We are inclined to think the bill does present the point contended for in the motion for rehearing. However, the bill is wholly insufficient in its failure to set out what was contained upon the label. It complains of the reception of evidence without setting out what the evidence complained of was. Many authorities will be found collated under Sec. 210, page 134, Branch's Ann. Texas P. C. See also Sec. 211, Vol. 4, Texas Jurisprudence, and authorities cited under the text.

The motion for rehearing is overruled.

*Overruled.*