## Jack Ewing v. The State.

No. 14033.   Delivered April 8, 1931.
Rehearing Denied April 6, 1932.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Offense, the unlawful sale of intoxicating liquor; penalty, confinement in the penitentiary for two years.

J. E. Brand, the alleged purchaser, testified that on a certain date he purchased a pint of whisky from appellant at his residence. Appellant testified in his own behalf denying the sale. He also offered evidence seeking to establish an alibi.

Counsel for the appellant in testing the qualification of the jurors sought to inquire of each venireman whether he was in favor of the law of reasonable doubt and presumption of innocence in criminal cases. The court declined to permit such inquiry, but told counsel he might advise the jurors as to what the charge of the court would contain touching the law of presumption of innocence and reasonable doubt, and that he might ask them whether they were prejudiced against such law or if for any reason they would hesitate to follow the court's charge. Counsel refused to ask the question last ·mentioned and the court then explained to the jurors that they would be instructed in the charge on the matters mentioned. This action on the part of the court has been held not to be reversible error. See Rushing v. State, 117 Texas Crim. Rep., 288, 36 S. W. (2d)

159, and also Elliott v. State, 117 Texas Crim. Rep., 180, 36 S. W. (2d) 513.

In bill of exception No. 2 it appears that after his peremptory challenges were exhausted counsel for the appellant stated that he desired additional challenges to avoid having objectionable jurors empanelled to try the appellant. The bill does not disclose the names of the objectionable jurors or show that any of them were challenged for cause or that any objectionable juror was forced upon the appellant. Neither is it shown that appellant exhausted his peremptory challenges upon objectionable jurors. The bill discloses no reversible error. Bartlett v. State, 82 Texas Crim. Rep., 468, 200 S. W., 839.

In bill of exception No. 3 it appears that the witness Leonard had testified that the general reputation of the state's witness, Brand, for truth and veracity was bad. On cross-examination by state's counsel Leonard was asked if it was not a fact that those from whom he had learned concerning the reputation of Brand in the particulars mentioned was not from the rowdy and drinking element. The witness replied in the negative. Objection to the inquiry was made upon the ground that it involved an opinion and conclusion. It is thought the inquiry was an improper one. However, there is no recital in the bill showing the nature of the testimony of the witness Brand or that he had given any material testimony against the accused.

Bill of exception No. 4 is of the same nature as bill No. 3. The witness Dunn, who had given testimony approving the reputation of the witness Brand for truth and veracity, was asked if it was not a fact that he heard that Squire Jones, the justice of the peace in Santa Anna, Texas, had had Brand up before him charged with whipping his wife, to which the witness gave a negative answer. This bill, like the preceding one, fails to advise the court of the materiality of Brand's testimony. The following comment upon bills of the same nature set forth in the opinion of this court in the case of Widener v. State, 109 Texas Crim. Rep., 423, 5 S. W. (2d) 138, 139, is pertinent as bearing upon the proper disposition of the bills under discussion:

"By bills of exception Nos. 1 and 2, appellant complains of the misconduct of the county attorney in improperly impeaching one of his witnesses. While appellant's bills show that the method of impeachment was improper, they contain no statement of facts showing the materiality of the testimony of the impeached witness. We do not know from said bills what testimony the witness gave. If his testimony was immaterial, his improper impeachment would not have been harmful to appellant. Miller v. State, 67 Texas Crim. Rep., 654, 150 S. W., 635; Holmes v. State, 68 Texas Crim. Rep., 17, 150 S. W., 926. The bills of exception being insufficient in the respect mentioned, reversible error is not made to appear."

Bills of exception Nos. 6 and 7 deal with the rulings of the court touching the witnesses Turner and Black, who had given testimony adverse to the general reputation of the witness Brand for truth and veracity. They were asked questions on cross-examination by state's counsel to which the appellant objected. The answers and the objections to the questions are like those in bills Nos. 3 and 4, and also fail to advise the court of the materiality of Brand's testimony.

Bills Nos. 10 and 11 complain of the ruling of the court touching the testimony of the witnesses Kelly and Johnson who gave testimony proving the reputation of the witness Brand as a law-abiding citizen. These bills, like the preceding bills 6 and 7, fail to advise the court of the materiality of Brand's testimony. That a bill of exception to the reception of evidence, in order to warrant a reversal, must show that the court is not required to look beyond the bill to determine in ruling upon the admission or rejection of evidence, what error of a material nature has been committed is illustrated by numerous announcements by this court. Hays v. State, 94 Texas Crim. Rep., 498, 252 S. W., 521; Morgan v. State, 82 Texas Crim. Rep., 615, 201 S. W., 654; Thompson v. State, 90 Texas Crim. Rep., 222, 234 S. W., 401; Turner v. State, 93 Texas Crim. Rep., 104, 246 S. W., 87.

Bill of exception No. 5 complains of the action of the court in permitting on cross-examination, while the appellant was upon the witness stand, the district attorney to ask the appellant if within the last six years he had not been charged with a felony by receiving stolen property, to which he answered "Yes sir", and also if he was not charged in this court with another case of selling intoxicating liquor, to which he testified he was, and whether or not he was guilty of the offense the state was talking about, to which he answered "No sir". The bill further shows that the court instructed the jury at the instance of the appellant at the time the testimony was elicited by the state that the jury could not consider same against the appellant as any evidence of his guilt in this case and only as to his credibility. The bill further shows that the court instructed the jury that they would not consider that question nor any answer to it for any purpose, that is the question about the appellant having been charged with receiving stolen property. The appellant excepted to the acts and conduct of the district attorney in bringing out these matters, though the court had instructed the jury not to consider that part about receiving stolen property, on the ground that the court could not withdraw from the jury such prejudicial evidence by instructing them not to consider it. The bill is approved with the following qualification: "The jury were instructed not to consider any question or answer either of the state or of the defendant in regard to defendant having been charged with receipt of stolen property." When a person accused of crime testifies in his own behalf, evidence that he had been indicted for several felony offenses was

admissible as bearing upon his credibility as a witness. Bedford v. State, 75 Texas Crim. Rep., 309, 170 S. W., 727; Warren v. State, 33 Texas Crim. Rep., 502, 26 S. W., 1082; Rutherford v. State (Texas Crim. App.), 34 S. W., 271; Chance v. State, 63 Texas Crim. Rep., 602, 141 S. W., 113.

Bill of exception No. 8 complains of the action of the court in permitting the witness, J. E. Brand, while testifying in behalf of the state and after he had testified that he had purchased a pint of whisky from appellant at the time alleged in the indictment, over the objection of appellant, to identify a pint bottle and testify that that was the bottle containing the whisky which he purchased from the appellant, and that he got in his car at appellant's place of business and came over to the county attorney's office and turned this bottle of whisky over to the county attorney, and that from the label of the bottle he recognized it as the same bottle, on the ground that it was hearsay acts and declarations, immaterial and irrelevant testimony, and would not throw any light on the real issues in the case. We think this evidence was admissible and not subject to the objections made.

Bill of exception No. 9 complains of the refusal of the court to permit the appellant to further interrogate a witness offered by him, M. A. Prichard, after he had testified that he had heard a few expressions of the character of state's witness Brand, and that he knew it in a general way and that what he knew was bad, he was then asked to answer first if he were acquainted with it, and replied "I am not familiar with it," and then he was asked what the people generally said about it, and replied that he did not know what the general opinion was. The district attorney objected to his testimony and asked that what he had said be excluded from the jury, which objection was sustained. While it is a general rule when a witness testified to the good reputation of another, he may so testify if he is otherwise well acquainted in the community if he states he knows the general reputation of the person inquired about, though he may have never heard that repute called in question. The same rule does not apply as to bad reputation. The witness must show himself acquainted with that reputation. Trammell v. State, 10 Texas App., 467; Tyler v. State, 46 Texas Crim. Rep., 10, 79 S. W., 558; Mitchell v. State, 51 Texas Crim. Rep., 71, 100 S. W., 930; Reid v. State (Texas Crim. App.), 57 S. W., 662, 663; Dickson v. State, 66 Texas Crim. Rep., 270, 146 S. W., 916.

Appellant in his brief insists that there was error in permitting the district attorney over the objection of appellant, in his closing argument to the jury, to make the following statements:

"You can go out here and you will hear men say that I, as your district attorney, am unworthy of belief and they will say Frank Mills, your sheriff, they would not believe on oath."

"That the witness Leonard, when he said, 'Walter, the witness Doc Brand, made us a good law.' "

"That people perjure their souls to save their friends."

The appellant by special instructions asked the court to instruct the jury to disregard these remarks and the refusal of the court to do so was reserved in exception to the court's charge. These objections were not carried forward and are not presented by any bill of exception. As presented it merely sets out the argument or remarks complained of without anything more. Where the argument complained of was so inflammatory as per se to call for a reversal, the bill should show the connection in which the language was used, and set out so much of the surrounding circumstances and such pertinent facts as may be necessary to enable the court to determine whether an error had been committed and if so whether it is such as authorizes a reversal. Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Rutherford v. State, 102 Texas Crim. Rep., 310, 277 S. W., 669. As presented it is insufficient to show reversible error.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

#### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion for rehearing the court is criticised as being unduly technical in ruling on Bills of Exception Nos. 3, 6 and 7. These bills relate to the ruling of the court in receiving in evidence certain testimony drawn out on the cross-examination of the appellant's witnesses.

Bill No. 3 complains that Leonard, a witness for the appellant, had testified that the general reputation of J. E. Brand for truth and veracity in the community in which he lived was bad. On cross-examination state's counsel asked the witness if it was not the drinking, rowdy element in the community that had made remarks adverse to the good reputation of Brand because of his activities against the liquor traffic.

Bill No. 6 reflects the fact that Bert Turner, a witness for the appellant, gave testimony to the effect that the general reputation of the witness Brand was bad, and on cross-examination, state's counsel asked the witness Turner if he had "served this week on the jury", to which the witness replied in the negative.

Bill No. 7 relates to the witness W. C. Black, the justice of the peace, who had testified that the general reputation of the witness Brand for truth and veracity was bad. On cross-examination by the state, Black was asked if the people who were giving testimony adverse to Brand's

reputation were not the whisky-drinking element, to which the witness replied that he did not think it was.

It is understood to be a general rule that a bill of exception complaining of the impeachment of a witness is incomplete if it fails to show that the impeached witness gave material testimony against the party complaining of the court's ruling. Underlying the rule is the principle that to require a reversal, injury must be shown. The ruling of the court in the present instance is in accord with many decided cases. See Kynock v. State, 103 Texas Crim. Rep., 112, 280 S. W., 222, and cases collated; also Hunter v. State, 96 Texas Crim. Rep., 509, 257 S. W., 1104; Conger v. State, 63 Texas Crim. Rep., 312, 140 S. W., 1112; Widener v. State, 109 Texas Crim. Rep., 423, 5 S. W. (2d) 138. See, also, Branch's Ann. Tex. P. C., page 131, sec. 207, subds. 2, 5 and 6.

Touching the matter in hand, we refer to the opinion in the case of Brady v. State, 119 Texas Crim. Rep., 178, 44 S. W. (2d) 373, from which the following quotation is taken:

"Under the authorities, a character witness may be asked whether he had heard of conduct which would be inconsistent with the character attributed by the witness to the party inquired about, as affecting the weight of the witness' testimony. The court committed no error in permitting the question. Underhill's Cr. Ev. (3rd Ed.), sec. 81; Johnson v. State, 91 Texas Crim. Rep., 582, 241 S. W., 484; Wright v. State, 98 Texas Crim. Rep., 513, 266 S. W., 783."

In the light of the principle stated in the quotation, we are not prepared to say that the cross-examination of the character witness referred to in the bills mentioned was of such nature as would justify the reversal of the judgment, even if it were shown by the bills that Brand gave material testimony against the appellant.

The case of Goss v. State, 104 Texas Crim. Rep., 456, 284 S. W., 578, 579, to which we have been referred, is not understood to support the appellant's contention that the bills of exception mentioned show error warranting or requiring a reversal of the judgment. In the Goss case, supra, witnesses who had testified to the good reputation for peace and quietude of the accused on trial for murder were, upon cross-examination, permitted to testify that they had observed the appellant committing other offenses discrediting to his character in the particular mentioned. The soundness of the conclusion reached in the Goss case, supra, is not open to question. It appeared from the bills that the injury developed against the accused was evidence of extraneous offenses which violated the rule against detailing under such circumstances specific acts of misconduct of the accused on trial. We fail to perceive the analogy of the present case to the Goss case to which reference has been made above.

Touching the complaint reflected by Bill No. 8, in permitting a witness to identify a bottle of whisky by the label which he had placed on

the bottle, reference is made to Caldwell v. State, 117 Texas Crim. Rep., 145, 35 S. W. (2d) 165, and Wells v. State, 117 Texas Crim. Rep., 338, 35 S. W. (3d) 167, in both of which cases the ruling of the trial court upon a state of facts substantially the same as those in question was upheld. The trial court received in evidence the testimony of one who claimed to have bought whisky from the accused and identified the bottle by the label which the witness recognized.

To the best of our ability, we have reviewed the record in the light of the appellant's motion for rehearing and are of the opinion that the record presents no reversible error.

The motion is overruled.

*Overruled.*